The Mechanics and Traders' National Bank of the City of New York, Respondent, v. Cornelius J. Winant, Impleaded, etc., Appellant.

In 1875 one G. entered into a contract with the city of New York for a street improvement. The contract contained a clause requiring the contractor to furnish the commissioner of public works of the city with evidence that all persons who had done work or furnished materials, "and who may have given written notice to the said commissioner" that a balance remains due and unpaid, have been paid or secured, and, in case such evidence should not be furnished, requiring the city to retain a sum sufficient to meet any such claim. Soon after the execution of the contract G. made an assignment to plaintiff of all moneys due or to grow due under the contract, in consideration of moneys advanced to him "to be used in and about the performance and completion of said contract." In an action to recover a balance alleged to be due on the contract, one W., who had done work and furnished materials as a sub-contractor, and who claimed a portion of the sum due, was made a party defendant. He had not filed a notice of his claim with said commissioner, but did file one with the city comptroller. *Held,* it must be assumed that plaintiff, in advancing moneys to the contractor under the security of the assignment, did so in the belief that the contractor's compensation over and above his outlays would reimburse such advances, and that it contemplated only such sums as would belong to the contractor after the discharge of his indebtedness to those engaged under him in doing the work ; that plaintiff was only entitled to be paid whatever moneys the contractor himself could legally demand of the city under the contract ; that it was immaterial to what officer of the city notice was given, provided it was brought home to those charged with the payment ; and that, having received such notice, the city had the right to retain sufficient to pay the sub-contractor's claim until the same was discharged.

*It seems* that had it been made to appear that plaintiff had made advances at times subsequent to the filing of notice with the comptroller

it might fairly claim, in the absence of any notice filed with the commissioner of public works, that it had the right in making such advances to rely upon the situation of the contractor as disclosed by the record in that office.

(Argued June 24, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 16, 1889, which modified a judgment in favor of plaintiff entered upon the report of a referee by reversing the same as to costs, and affirmed the same as modified.

This action was brought by plaintiff as assignee of a contract between one Gavin and defendant, The Mayor, etc., of the city of New York, for improving Lexington avenue in said city, to recover a balance alleged to be due on said contract, and to determine as to conflicting claims of the other defendants to said balance.

The facts, so far as material, are stated in the opinion.

*Charles M. Earle* for appellant. The plaintiff, as assignee of the contractor Gavin, stands in the same relation under the contract as Gavin the contractor before the assignment was made. (*Schafer* v. *Reilly*, 50 N. Y. 61; *Greene* v. *Warnick*, 64 id. 224.) The clause or stipulation in the contract between the mayor and Gavin was made for the sole benefit of materialmen such as the defendant Winant. (Laws of 1878, chap. 315.) The defendants (including Winant) being the parties for whose express benefit the clause in the contract was inserted, can recover thereunder. (*Schermerhorn* v. *Van-derheyden*, 1 Johns. 140; *Lawrence* v. *Fox*, 20 N. Y. 271; *Hutchings* v. *Miner*, 46 id. 460; *Brewer* v. *Dwyer*, 7 Cush. 337; *Guernsey* v. *Rogers*, 47 N. Y. 233; *Coster* v. *City of Albany*, 43 id. 411; *Barker* v. *Bradley*, 42 id. 316.) The plaintiff took the assignment of the moneys due and to become due under this contract from Gavin, subject to all equities existing between Gavin and the parties doing work or furnishing materials under it, or having claims which might,

under its terms, be enforced against the moneys in the hands of the city belonging to the contractor, and such persons so doing work or furnishing materials were entitled to be paid from such moneys in preference to the contractor's assignee. (*M. & T. Bank* v. *Mayor, etc.,* 58 How. Pr. 208; *Greene* v. *Warnick,* 64 N. Y. 220; *Schafer* v. *Reilly,* 50 id. 61; *Trustees, etc.,* v. *Wheeler,* 61 id. 88; *Murphy* v. *B. N. Bank,* 30 Hun, 40.) The provisions of the contract operated as an equitable assignment of the balance due for work and materials to the workmen and materialmen. (*Murphy* v. *B. N. Bank,* 30 Hun, 40; *People ex rel.* v. *Comptroller,* 77 N. Y. 45; *Munger* v. *Shannon,* 61 id. 251; *Gallagher* v. *Nichols,* 60 id. 438.)

*John H. Strahan* for respondent. There is not, and at no time has been, any ground for litigation between the bank and Winant. (97 N. Y. 362.) The city was under no implied obligation to hold any portion of the fund for the benefit of Winant. (*M. & T. N. Bank* v. *Mayor, etc.,* 97 N. Y. 355.) The referee having passed upon the conflicting evidence as to notice having been given by Winant of his claim against the contract in question to the commissioner of public works, as required by the terms of the contract, and the ordinances of the city, and having found upon the facts that no such notice ever had been given, and the court at General Term having affirmed the judgment entered upon the report of the referee, this court will not upon conflicting evidence disturb the judgment entered. (Code Civ. Pro. § 1337.)

Gray, J. The only question upon this appeal is, whether one, who is an assignee of the moneys due, and to grow due, under a contract made by the assignor with the city of New York, may recover a balance due upon the completion of the contract from the city, to the exclusion of a sub-contractor, who has failed to file his notice of claim with the particular municipal officer mentioned in the contract. The contract was made in 1875, for the regulation, etc., of Lexington avenue and was completed in 1877. Within a few months of its inception, the contractor made an assignment to plaintiff of all moneys due or to

grow due under it. Shortly before its completion, and in accordance with provisions contained in it, the city took it up and carried it out, and, after deducting the sums paid theretofore, and in completing the work, the sum of upwards of $18,000 was ascertained to be due upon the contract. That amount this plaintiff claims to recover as the contractor's assignee and has joined this appellant as a defendant in its action, upon an allegation that he claims to have some lien upon or interest in the moneys. His claim for work done and materials furnished, under an employment by the contractor with the city, is not disputed as to its correctness, but the objection to his being paid out of the moneys held by the city, was that he did not file a notice of his claim with the commissioner of public works, and thereby failed to acquire such a lien as would entitle him to be paid as against the claim of this plaintiff to the fund. As to the fact of the filing, we are concluded by the finding of the referee that it was not done with the commissioner, but that he did file his notice with the city comptroller is not disputed. The objection has been held good by the referee, before whom the issue was tried, and by the General Term.

The provisions of the contract, about which the question revolves here, are as follows viz.: "The said party of the second part (the contractor) hereby further agrees that he will furnish said Commissioner (the Commissioner of Public Works of the City) with satisfactory evidence that all persons who have done work or furnished materials under this agreement, and who may have given written notice to the said Commissioner, before or within ten days after the completion of the work aforesaid, that any balance of such work or materials is still due and unpaid, have paid or secured such balance. And in case such evidence shall be not furnished as aforesaid, such amount as may be necessary to meet the claims of the persons aforesaid shall be retained from any moneys due to the said party of the second part, under this agreement until the liability aforesaid shall be fully discharged, or such notice withdrawn." The theory of the decisions below is that, as the contract designated the officer with whom persons working

under the contractor, should file their notices of claims, compliance with that provision was necessary to entitle them to protection as against an assignment of the contractor's interest, or other liens acquired by parties upon it. The learned referee reasons that persons giving the contractor credit have no means of ascertaining whether any liens have, up to the time they give credit, been secured upon the fund, except by finding out whether any notices have been given to the commissioner of public works. He says that "the city is given no right to retain any moneys due under the contract by reason of notice given to the comptroller, any more than by reason of notice given to the mayor or chamberlain, both of whom must sign warrants for the payment of the money from the city treasury."

I am not able to yield my assent to the entire correctness of his reasoning, in its bearing upon the facts presented. If this were a case of rival claims by sub-contractors, or materialmen, or of moneys loaned upon the faith of the records in the office of the public works commissioner showing the situation of the contractor and of an insufficient fund, the question might assume a different phase; but the facts of this case, as I apprehend them, do not present the question in such a light. Of course, we must bear in mind that this case does not fall under the provisions of the act relating to mechanic's liens on public works in cities, which was passed, subsequently, in 1878. Our decision I suppose to be guided by such legal principles as are applicable to cases arising under contracts, where the distribution of a fund is to be made among parties claiming variously under the contract, and I have no doubt but that, whatever the equities which appear in the case, they should be given effect by the court. Here we are not informed as to the consideration for the contractor's assignment to plaintiff, other than from the complaint; where it is stated to be for "moneys advanced to him (the contractor) by plaintiff, to be used in and about the performance and completion of said contract." That was in November, 1875, something over four months after the contract was made. This appellant worked under the contractor's employment from August, 1875, up to within a few months of

the completion of the contract in .1877. It must be assumed that the plaintiff, in advancing moneys to the contractor under the security of this assignment, did so in the belief that the contractor's compensation, over and above his outlays, would reimburse the advances made to him. Plaintiff must be deemed to have contemplated only such receipts of moneys, from the payments by the city, as would belong to the contractor after the discharge of his indebtedness to employes and others engaged under him in the doing of the work called for. Certainly, any other view of the situation, at the time of the assignment to plaintiff, would seem to involve some expectation by plaintiff of gain through technically defeating the payment of its assignor's just contractual debts. That is not a very moral attitude for it to take; nor is it one which appeals to the consideration of the court; and, yet, it would come to that if it should be held that the appellant's claim is not to be paid, for the alleged want of a strict compliance with the contract requisites. as to notices of claim. The plaintiff cannot occupy any better position than the contractor would occupy, if he was now demanding payment from the city. Under the assignment to it, the plaintiff became entitled to such moneys only as would be earned under the contract by the contractor, and can it be said that, as to him, the claim of his sub-contractor could be defeated by any such technical objection? The city's answer expressly asserts the filing of certain claims for labor and materials, of which the defendant's is one, and for the payment of which it claims to be authorized to retain the moneys. It is not for the plaintiff to raise the question as to the proper filing of the notices of claims, where the giving of notice is admitted. If it was to appear that it had made advances at times subsequent to the filing of notices of claims by the appellant with the comptroller, such an objection might have some force and virtue. It might, in such a case, fairly claim that, in the absence of notices filed with the commissioner of public works, the officer designated for that purpose by the contract, it had the right, in loaning moneys, to rely upon the situation of the contractor as disclosed

by the records in that office. The. reasoning of the referee would apply to such a case. But here we have a case where the plaintiff appears to have advanced moneys to the contractor, to perform a contract undertaken by him and to have taken as its security for repayment an assignment of the moneys, which were or might become due by virtue of the contract. As I understand the import of such language, it is that the assignee should be entitled to be paid whatever moneys and whenever the contractor could legally demand to be paid by the city under the contract. So that, unless the city could legally refuse to pay a claimant under the contractor, the plaintiff is not in any position to object to the payment. Its whole concern is that it recovers the net amount which is earned by the performance of the contract. As to claims against the contractor by those employed in the work under him, I do not see why the city is not authorized to pay any such, of which it has notice. I should consider it quite immaterial that the notice was given to the one rather than to the other officer; provided it is brought home to those charged with the payment. So far as the city is concerned, it is only a matter of knowledge from notice. For convenience of knowledge, with respect to its officers, as well as for all parties interested in the performance by and the payment to the contractor, the head of the department executing the work is mentioned as the officer to whom notices shall be given. The comptroller is the financial officer of the city, to whom the commissioner of public works, under the contract, was to certify as to payments for the work, and it is not easy to see why the city is not as much chargeable with notices of claims against its contractor filed in the one as in the other office. The provision in the contract designating the officer with whom notices of claims may be lodged, is one intended for the benefit and security of those employed under the contractor. (*Merchants & Traders' Bank* v. *Mayor, etc.*, 97 N. Y. 362.) In that way they could secure payment of what was due them from the contractor. Without such a provision they would have had no recourse against the city.

I do not think we should interpret this contract provision in the strict manner contended for by the respondent. The attempt was made in good faith to charge the city with notice of a just claim under the contract, and the city admits the notice, and it has the right to hold the moneys unpaid upon the contract, until the claim is discharged. In that respect, there is an implied obligation on the part of the city to hold the unpaid moneys in trust for their application according to the real intention and effect of the contract. There are no equities of other parties to be affected by this omission to comply with a legal formality, and the omission should be disregarded where substantial compliance has been shown.

The claim does exist; it was admitted and made known to the city and it was not necessary for its protection and payment that it should have had all the technical features to constitute a lien under the terms of the contract. It was not a question of whether there was a lien, but one of whether there was such notice to the city of the existence of the claim as to authorize it to retain sufficient moneys until it was discharged.

My conclusion is that, for the reasons which I have expressed, the judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except Andrews, J., not voting.

Judgment reversed.