# Philadelphia *v.* Stewart.

*Bond—Municipal contract—Bond to protect workmen, material men and subcontractors.*

Where an ordinance requires a bond to be given by a municipal contractor to secure payment to workmen, material men and subcontractors, and the ordinance provides that " any person " who has supplied labor or material shall be furnished with a copy of the bond upon application, and that such person " shall have a right of action, and shall be authorized to bring suit in the name of the city," each person for whose benefit the bond ·

was given may maintain against the contractor a separate suit in the name of the city to his own use.

Argued Jan. 16, 1901. Appeal, No. 295, Jan. T., 1900, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1900, No. 935, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of Philadelphia to use of Edwin B. Malone, who survived Bernard T. Malone and Edwin B. Malone, late copartners, trading under the name of Watson, Malone & Sons, v. George W. Stewart and the Equitable Trust Company. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit on a bond.
Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of Pennypacker, P. J., which was as follows:

On May 16, 1898, the defendant Stewart entered into a contract with the city of Philadelphia for the erection of a school edifice at the northeast corner of Sixteenth and Cayuga streets, in the said city. On the same day Stewart, one of the defendants, and the Equitable Trust Company, the other defendant, as surety, executed a bond in which the city was the obligee in the sum of $34,811.50. The condition of the bond is that Stewart shall "promptly pay or cause to be paid to any and all persons any and all sums of money which may be due for labor and material, furnished and supplied in and about the said work, and shall and will comply with all the provisions of the ordinance of the select and common councils," approved March 30, 1896. The ordinance provides that any person or persons entering into a contract of erection or construction with the city shall be required, before commencing the work, to execute a bond, with sureties, "that such contractor or contractors shall and will promptly make payment to all persons supplying him or them with labor or materials, whether as subcontractor or otherwise, in the prosecution of the work provided for in such contract; and any person or persons making application therefor and furnishing affidavit to the department or bureau under the direction of which such work is being or has been prosecuted, that labor or materials for the prosecution of

such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of such contract and bond, upon which said person or persons supplying such labor and materials, either as a subcontractor or otherwise, shall have a right of action and shall be authorized to bring suit against said contractor and sureties, and prosecute the same to final judgment and execution. . . . . And the person or persons so authorized to bring suit shall first furnish such indemnity to the city of Philadelphia against costs as shall be approved by the city solicitor." The use plaintiff, Malone, furnished lumber for the erection of the schoolhouse to the defendant Stewart, and there is due to him a balance amounting to the sum of $4,550.35. He filed the affidavit required by the ordinance with the board of public education, and a bond indemnifying the city against costs, and received a certified copy of the bond of May 16, 1898, executed by the defendants, upon which the present suit has been brought.

Stewart filed an affidavit of defense, in which he alleged that " on or about May 11, 1899, the city of Philadelphia, the legal plaintiff herein, brought suit upon said bond, dated May 16, 1898, in the court of common pleas, No. 4, of this county, to March term, 1899, No. 531, against me and the Equitable Trust Company, my codefendant herein. Said suit was so proceeded upon that the said city of Philadelphia recovered judgment upon said bond against myself and the said Equitable Trust Company in the sum of $4,157.79. That judgment was affirmed upon appeal by the Supreme Court of Pennsylvania, January term, 1899, Nos. 409 and 410, and said judgment has been fully paid, settled and discharged by defendants, and has been satisfied of record by the said city of Philadelphia." The affidavit further averred that this suit was upon the same bond for the same cause of action, and that the present alleged cause of action had arisen prior to March 15, 1899. The Equitable Trust Company also filed an affidavit of defense setting up the same state of facts.

The question raised is as to whether there may be a series of independent suits brought upon the bond by persons who have furnished labor or materials to the contractor to the extent of the amount of the bond, or whether there can be but one suit

by the legal plaintiff for the benefit of all interested, and whether the recovery of one judgment, though but a small proportion of the amount of the bond and the satisfaction of that judgment, exhaust the remedy. The decision in the case of Philadelphia v. Stewart, 195 Pa. 309, where this particular bond was before the Supreme Court for construction, established the validity of the bond and the fact that it was made part of the contract of Stewart with the city. It is quite plain that unless it be conceded that for one breach, no matter how small in amount, the entire sum named in the obligation could be sued for and recovered by the city, the contention of the defendants would lead to almost insurmountable practical difficulties. In many large contracts there are a great number of subcontractors who furnish labor and materials to the principal contractor. The questions that may arise between them, involving the determination of the quantity and quality of material, the time and value of labor, the extent of payments, and items of set-off, are innumerable. If all the issues which may be raised by all the subcontractors, with the details of each of them, were to be tried and determined in a single suit and before one jury, it would necessarily result in confusion and uncertainty.

It is plain that the intention of the parties to the contract, as indicated by its language, was that each one of the subcontractors should be enabled to bring a separate suit upon the bond for the amount due to him. Under the terms of the bond, which has been held to be a part of the contract, Stewart was to comply with all the provisions of the ordinance. The ordinance provides that " any person " who has supplied labor or material shall be furnished with a copy of the bond upon application. Such person "shall have a right of action and shall be authorized to bring suit in the name of the city." The suit is to be brought by him, not by the city. While it is brought in the name of the city, it is to be for his use and benefit. There is no suggestion that the city is to bring a suit for the benefit of all subcontractors to whom money may be due, or that such subcontractor may bring a suit for the benefit of himself and like subcontractors. The person so bringing suit is to indemnify the city against costs, and, since he is to give individual indemnity, the implication is that the suit is to be for his indi-

vidual benefit, and not for the benefit of others upon whom no such burden is imposed.

This, then, being the apparent intention of the contracting parties, there seems to be no good reason why the purpose should not be carried into effect. The system provided for is not without precedent, and, more or less modified, has been put in the form of statutory enactments with respect to certain other securities of a general character: Act of March 28, 1803, 4 Sm. Laws, 45; McMicken v. Com., 58 Pa. 213; O'Neal v. O'Neal, 4 W. & S. 130.

There is also some authority for this construction of the contract. It appears from the report of the case of Philadelphia v. Stewart, supra, that the suit there was not by the city for the penalty in the bond, nor by the city for the use of all the subcontractors to whom sums might be due, but it was a suit to the use of " Thomas J. Rose Brick Manufacturing Company," and the issues tried in it were only those affecting that company. Plainly, the moneys recovered in it could not have been applied to the payment of the plaintiff in the present case. The judgment was affirmed, Mr. Justice MITCHELL saying that the contention of the defendants was bare of legal merit. It would seem, therefore, to be a judicial determination that the suit, as there brought by a single subcontractor for his own benefit, was in proper form. In Lancaster v. Frescoln, 192 Pa. 457, Mr. Justice FELL said : " The bond is not like one given to secure the performance of official duties, or one whose primary object is the protection of third parties, on which suit may be brought by the parties injured, in the name of the nominal obligee."

For these reasons the rule will be made absolute.

*Error assigned* was the order of the court.

*Alexander Simpson, Jr.*, with him *Francis Shunk Brown*, for appellant.—The right of the legal plaintiff can alone be considered: Guaranty Trust & Safe Deposit Co. v. Powell, 150 Pa. 18; Montgomery v. Cook, 6 Watts, 238; Commonwealth v. Philadelphia, 193 Pa. 239; McKinney v. Mehaffey, 7 W. & S. 276; Memphis, Clarksville, etc., R. R. Co. v. Wilcox, 48 Pa. 161.

The bond is an entire contract, and only one action can be brought thereon: Kilheffer v. Herr, 17 S. & R. 319; Bell v. Allegheny Co., 184 Pa. 303; Amrhein v. Quaker City Dye Works, 192 Pa. 253; Pennock v. Kennedy, 153 Pa. 582; Simes & Co. v. Zane, 24 Pa. 242; Buffington v. Burnham, 5 W. & S. 556; Logan v. Caffrey, 30 Pa. 196; Phila. & Reading R. R. Co. v. Ervin, 89 Pa. 71; Phila. & Reading R. R. Co. v. Boyer, 97 Pa. 92; Earley's App., 103 Pa. 273; Norristown v. Norristown Pass. Ry. Co., 148 Pa. 87; Bower v. Tallman, 5 W. & S. 556.

The suit heretofore brought by the plaintiff herein is a conclusive adjudication that the only sum due plaintiff by reason of the breach of this covenant was the sum of $4,157.97, and no more, and the contractual right of the city of Philadelphia was merged and extinguished in that judgment, so that the bond is now functus officii. The judgment is conclusive, not only as to what was actually demanded, but as to what might have been demanded: Hill v. Joy, 149 Pa. 243; Bendernagle v. Cocks, 19 Wend. 207; Buck v. Wilson, 113 Pa. 430; Clay Commercial Telephone Co. v. Root, 17 W. N. C. 200; Schive v. Fausold, 137 Pa. 82; Taylor v. Heitz, 87 Mo. 660; Freeman on Judgments, sec. 215; Wilson v. Buell, 117 Ind. 315; Earley's App., 103 Pa. 273; Norristown v. Norristown Pass. R. R. Co., 148 Pa. 87.

*Frank P. Prichard*, with him *Thomas S. Gates*, for appellee. —It is submitted that the doctrine of res adjudicata has really nothing whatever to do with the question involved. It is far from being a general rule that more than one suit cannot be maintained on a sealed instrument. Successive suits for instalments due under sealed leases, and successive suits for ground rent due under deeds, are common examples, familiar to every one: Sterner v. Gower, 3 W. & S. 136; Kiehl v. Com., 18 W. N. C. 505; Philadelphia v. Stewart, 195 Pa. 309.

In our own state there are two statutes relating to penal obligations, and under these two statutes entirely different practices prevail. It is believed that neither of the statutes covers the case now under discussion, but the practice under them is not immaterial in determining the question here involved.

Under the act of March 28, 1803, it has been repeatedly held that the judgment is not in favor of the commonwealth for the

penalty, but that each party aggrieved may bring his separate action of debt or scire facias in the name of the commonwealth to his use, and proceed to a separate judgment for the amount of his particular damage until the full amount of the penalty has been exhausted: Wolverton v. Commonwealth, 7 S. & R. 273; McMicken v. Commonwealth, 58 Pa. 213; Campbell v. Com., 8 S. & R. 414.

Another statute, viz: the Act of June 14, 1836, P. L. 637. Brightly's Purdon Digest, 225, 226, regulates the actions upon ordinary penal bonds between private individuals and official bonds given to the commonwealth by a public officer.

This act does not affect the practice in suits upon the penal recognizance given by the sheriff: McMicken v. Commonwealth, 58 Pa. 213.

PER CURIAM, February 18, 1901:

In a clear and concise opinion Judge PENNYPACKER stated the grounds on which the judgment for want of a sufficient affidavit of defense was entered. Upon due consideration we affirm the judgment on that opinion.

Judgment affirmed.