## GWINN ET AL. v. WRIGHT.

[No. 6,459. Filed December 10, 1908.]

1. CONTRACTS.—*Construction.—Intention.*—In the construction of a contract the intention of the parties thereto must prevail. p. 600.

2. SAME.—*Building.—Contractors' Bonds.—Liability to Third Persons.*—Where a building contractor executed to the owner a bond to secure his construction of a house and to pay all indebtedness incurred in the carrying out of such work, and providing also that "all persons who may become entitled to liens under said contract" shall have the right to sue thereon, a third person furnishing materials for such house has a right of action on such bond, though he did not take any steps to acquire a lien upon the house. p. 601.

3. MECHANICS' LIENS.—*Materials.*—One furnishing materials to be used, and which are used, in the construction of a house is entitled to a lien therefor (§8295 Burns 1908, Acts 1899, p. 569). p. 601.

4. APPEAL.—*Sufficiency of Evidence.—Want of Consideration.— Answer.*—In an action upon a building contractor's bond, the defendant cannot, on appeal, question the sufficiency of the evidence to establish a legal consideration for the execution of such bond, where there was no answer of want of consideration. p. 602.

5. SAME.—*Excessive Damages.—New Trial.*—The Appellate Court cannot consider the question of excessive damages, where such charge was not made a ground for the motion for a new trial. p. 602.

From Superior Court of Marion County (68,447); *Vinson Carter*, Judge.

Action by William L. Wright against Charles A. Gwinn and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Frank H. Blackledge* and *Blacklidge & Wolf*, for appellants.

*Edwin B. Pugh,* for appellee.

RABB, J.—This action was brought by appellee against the appellants upon a builder's bond given by them to Laycock and wife in connection with a building contract entered into at the same time between the Laycocks and appellant Charles A. Gwinn, in which said Gwinn contracted to construct for the Laycocks a dwelling-house in the city of Indianapolis, and recovery is sought for the price of materials furnished by appellee to the contractor, and used in the construction of the building. Appellants' demurrer to the complaint was overruled, answer filed, cause tried, finding rendered in favor of appellee for $152.84, appellants' motion for a new trial overruled, and judgment rendered on the finding.

The errors assigned, presented by the record and discussed in appellants' brief, call in question the sufficiency of the complaint and of the evidence to sustain the finding.

The bond which forms the basis of appellee's complaint

was substantially as follows: That Charles A. Gwinn, and George L. Gwinn are held and firmly bound to Dr. R. T. Laycock, as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned, in the sum of $3,500, to be paid to said Dr. R. T. Laycock and M. E. Laycock, and to said parties who may be entitled to liens, for which payment we bind ourselves, jointly and severally. The conditions of this obligation are such that if the above bound Charles A. Gwinn shall in all things abide by, keep and perform the covenants, conditions and agreements in the before-mentioned contract, entered into by and between said Charles A. Gwinn and R. T. Laycock and M. E. Laycock, dated May 5, 1902, for the construction of the work on the lot mentioned in the foregoing contract, and shall promptly pay and discharge all indebtedness that may be incurred by said Gwinn in carrying out said contract, free from all mechanics' liens, and keep and perform the conditions and agreements of said contract, as well as all costs including attorneys' fees in enforcing the payment and collection of any and all indebtedness incurred by Charles A. Gwinn in carrying out said contract, then this obligation to be void, otherwise to remain in force. This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person.

The complaint sufficiently avers the furnishing by the appellee to the contractor of building material alleged to have been used by him in the construction of said house, for which the statute gave to appellee the right to a mechanic's lien upon the building and the grounds upon which it was situated, by appellee's complying with the provisions of the statute on the subject, but contained no averment that a mechanic's lien upon such building had been at any time perfected for such material furnished. It is earnestly insisted by appellants that under the terms of the bond sued on the

600 APPELLATE COURT OF INDIANA,

appellee was not entitled to a recovery, unless it was shown by proper allegations in the complaint that he had complied with all the provisions of the law that would give him a lien upon the premises, and that the terms of the bond are such that the right of all third parties who claim its benefits are limited to those who have acquired such lien.

This case is sought to be distinguished from the case of *Ochs* v. *M. J. Carnahan Co.* (1908), *ante*, 157, and *National Surety Co.* v. *Foster Lumber Co.* (1908), *post*, 671, because by the express terms of this bond it is made payable to ''parties who may be entitled to liens,'' and expressly declares that it is made for the use and benefit of all persons who may become entitled to liens, according to the provisions of law in such cases made and provided; that by thus expressly declaring the persons who shall be entitled to benefits under the contract, by a fair implication all others are excluded; and that the appellee in this case failed to bring himself within the conditions prescribed in the bond, in that he failed to show that he was entitled to a lien. The conditions of the bond are practically the same as the conditions expressed in the bond sued on in the cases of *Ochs* v. *M. J. Carnahan Co., supra,* and *National Surety Co.* v. *Foster Lumber Co., supra,* except that in this case there is this express provision in the contract that it is made for the benefit of parties who may be entitled to liens, and that such parties may sue upon the bond.

The guiding rule to be observed in the construction of all contracts is the intention of the parties. Of course this intention must be expressed in the contract. But when 1. the court has determined, from the language contained in the contract, and the circumstances under which it was made, what the parties meant by it, this must control in its interpretation.

This contract was entered into between the owners of the property on the one hand, and the building contractor on the

other. Manifestly it was *not* in the minds of either party to encourage the filing of mechanics' liens upon the builder's property. It clearly appears that it was the purpose of the owners of the property in making this contract to avoid all trouble and annoyance on account of unpaid bills for labor and material used by the contractor in the course of the construction of the building, and to avoid the annoyance or disadvantage of having the title to the property clouded and encumbered of record by the liens of those who furnished such material and labor, and that, from the very nature of the contract, appellants were bound to know of this purpose in the owner's mind. Such being the purpose and object of the contract, it does not seem difficult to determine what the contracting parties meant by the terms "all persons who may become entitled to liens under said contract."

Section 8295 Burns 1908, Acts 1899, p. 569, provides, among other things, that all persons performing labor or furnishing material for the erection of any house or other structure may have a lien, separately or jointly, upon the house for which they may have furnished material, and on the interest of the owner of the lot or parcel of land on which it stands, to the extent of the value of the labor done, material furnished, or either. So that when the appellee furnished material for the construction of the house, he became entitled, under this law, to a lien therefor. There are other provisions that point out the manner in which those who are entitled to have such lien may proceed to acquire it. Looking to the context of this contract, considering the manifest purpose for which it was entered into by the parties, we think that it should be construed to mean that all persons who have the right to acquire liens upon the property are entitled to its benefit. This construction is aided by the conditions of the bond in this case, which require the appellants, as did the conditions of the bonds in

the cases of *Ochs* v. *M. J. Carnahan Co., supra,* and *National Surety Co.* v. *Foster Lumber Co., supra,* to pay and dis-charge all indebtedness that may be incurred by the con-tractor in carrying out the contract, regardless of whether a lien was acquired upon the property. It contemplated pay-ment by the contractor of those who were entitled to acquire a lien.

We think to give this contract the construction contended for by appellants would be to nullify the plain and manifest intention of the parties, and reverse the purpose for which it was entered into by the owners of the property. The de-murrer to the complaint was properly overruled.

Appellants contend that the evidence does not support the finding, for the reason that it is shown that the bond in suit was executed by defendant Charles A. Gwinn after the execution of the building contract which it was in-tended to secure, and that therefore there was no con-sideration for the bond. It is sufficient answer to this con-tention to say that there was no plea of a want of considera-tion, and without a special plea of that kind the question could not arise.

It is further contended that the finding and judgment are excessive, but this question could be raised only by as-signing an erroneous assessment of damages as one of the grounds of appellants' motion for a new trial. No such ground was stated in the motion for a new trial, and therefore no such question is presented here.

The judgment is in all things affirmed.