## George Wright et al. v. C. C. Jones et al.

### Decided May 8, 1909.

**1.—School Trustees—Power—Building Committee.**

Under the provisions of the Act of 1905, providing for the formation of independent school districts, the trustees of such a school district has the power to appoint and delegate to a building committee the authority to let a contract previously authorized for the erection of a school building, and to take a bond for the faithful performance of the duties of the contractor, and to perform other duties incidental to the completion of the building.

**2.—Same—Parties—Chose in Action—Legal Title.**

The holder of the legal title to a chose in action may bring suit upon it in his own name although the equitable title may be in another. This rule applied in a suit by a building committee for breach of a contract to erect a public school building.

**3.—Bond—Building Contract—Obligors.**

The fact that the contractors themselves did not sign a bond for the faithful completion of a contract to erect a school building, would not relieve the sureties who had signed and delivered the bond with the intention to be bound by it.

**4.—Parties—Suit for Benefit of Others.**

A building committee authorized to contract for the erection of a public school building, can not maintain a suit against the contractor for the use and benefit of third parties who had furnished labor or material for the erection of the building.

Appeal from the District Court of Fisher County. Tried below before Hon. C. C. Higgins.

*A. H. Kirby,* for appellant.—One designated as the obligee in a bond is entitled to sue thereon though the bond may be for the use and benefit of a third party, and the fact that the obligee has no beneficial interest therein, is immaterial. Ward v. Hubbard, 62 Texas, 559.

Laborers and material men are beneficiaries of a bond executed by

contractors for the erection of a public building where the contract provides that the contractors shall furnish all labor and material, and the sureties on such bond are liable to such laborers and material men, notwithstanding the bond is payable to other parties as obligees. Town of Gastonia v. Engineering Co. (N. C.), 42 S. E., 858; Lyman v. City of Lincoln (Neb.), 57 N. W., 531; Korsmeyer Co. v. McClay (Neb.), 62 N. W., 50; Morton v. Harvey (Neb.), 77 N. W., 808; Devers v. Howard (Mo.), 46 S. W., 626; City of St. Louis v. Von Phul (Mo.), 34 S. W., 844; School District v. Livers (Mo.), 49 S. W., 507; Williams v. Maryland (Ind.), 44 N. E., 562; Young v. Young (Ind.), 52 N. E., 776; King v. Downey (Ind.), 56 N. E., 680; Baker v. Bryan (Iowa), 21 N. W., 83; Union Sheet Metal Works v. Dodge (Cal.), 62 Pac., 42.

A committee of the board of trustees, when thereunto duly authorized, may make a contract binding upon the municipality, and the other contracting party who has acted on said contract and received benefits thereunder can not question the authority of such committee. Kramrath v. Albany, 28 N. E., 400; 28 Cyc., 648; Hitchcock v. Galveston, 96 U. S., 341.

It was not necessary that the principals should have signed the bond; the execution of the bond by the sureties was sufficient, the principals being as effectually bound by the contract without signing the bond as they could have been by so signing it. Shelton v. Wade, 4 Texas, 150; San Roman v. Watson, 54 Texas, 259; Houston & T. C. Ry. Co. v. Lockhart, 39 S. W., 321; Cockrill v. Davie, 35 Pac., 958; Eureka Sandstone Co. v. Long, 39 Pac., 446; 27 Am. & Eng. Ency. of Law, 2d ed., 438 and notes.

*Beall Bros. & McDugald,* for appellees.—Appellants not having shown by their petition that they had been legally authorized to enter into the building contract with C. C. and E. H. Jones set out in said petition, nor to require, accept and approve the bond sued on, nor to bring and maintain this suit, they can not maintain the same, and appellees' demurrers in this particular were properly sustained. An Independent School District is a body corporate (Acts 29 Leg., chap. 124, sec. 136), as such can sue and be sued. Seven trustees constitute the board (id., sec. 162). A majority of said board shall constitute a quorum to do business (id., sec. 165, 168). Trustees of school districts shall contract for the erection of building and superintend the construction of same (id., sec. 84). The title to all such property is vested in the board of trustees, and they shall have the exclusive control and management thereof (id., 136); De La Garza v. Bexar County, 31 Texas, 484; Looscan v. Harris, 58 Texas, 514; Robson v. Tait, 13 Texas, 272; Holloway v. Holloway, 30 Texas, 164; Milliken v. Smoot, 64 Texas, 173.

A contractor's bond with the owner of the building, obligating the contractor to furnish labor and materials for the construction of the same, will not inure to the benefit of the laborer or material man who work for or sell to the contractor, because there is no privity of contract, and such laborers or material men can not recover on the bond. Jones Lumber Co, v, Joaquin Villegas, 8 Texas Civ. App., 669; Sant-

leben v. Alamo Cement Co., 25 S. W., 143, last clause; Edwards Co. v. Jennings, 33 S. W., 585.

The bond sued on herein being joint in form, and not being signed by C. C. and E. H. Jones, the principals named therein, is not binding upon them, nor upon the sureties who signed the same. Gay v. Murphy, 34 S. W., 1091; Bunn v. Jetmore, 35 Am. Rep., 425; Russell v. Annable, 12 Am. Rep., 665; Johnston v. Kimball Township, 33 Am. Rep., 372; Board of Education of Rapid City v. Sweeney, 36 Am. St. Rep., 767; Weir v. Mead, 40 Am. St. Rep., 46; North St. Louis B. & L. Co. v. Obert, 69 S. W., 1044.

The board of trustees of the McCauley Independent School District could not delegate to appellants authority to make a contract with appellees C. C. and E. H. Jones for the construction of the school building at McCauley, nor to require and accept a bond for the performance thereof payable to them, and such acts on the part of appellants is not binding on appellees. Railway Co. v. Styron, 66 Texas, 421.

DUNKLIN, ASSOCIATE JUSTICE.—George Wright and Lee Glasscock instituted this suit against C. C. and E. H. Jones as contractors and the other defendants as their sureties, to recover for an alleged breach of contract entered into by C. C. and E. H. Jones with plaintiffs as a building committee acting for and in behalf of the board of trustees of the McCauley Independent School District of McCauley, Texas, said contract being for the erection of a public school building in the town of McCauley according to certain plans and specifications for a stipulated price to be paid by plaintiffs. Plaintiffs alleged in their petition that they were members of such board of trustees, and that the suit was instituted by them as such building committee for the use and benefit of said board of trustees, and also for the use and benefit of all persons who have furnished labor or material for the erection of said building and who have not received payment therefor; and the basis for their suit against the defendants, other than the contractors C. C. and E. H. Jones, was a bond executed by such other defendants, but not by the contractors, in favor of plaintiffs for the faithful performance of the building contract by the contractors. The defendants urged certain special exceptions to the petition which were sustained and, plaintiffs declining to amend, the court dismissed their suit. From such rulings of the court plaintiffs have prosecuted this appeal.

The special exceptions sustained by the court were as follows:

First. That the contract sued on was invalid for the reason that the board of trustees could not legally delegate to plaintiffs as a building committee authority to bind the board thereby.

Second. That the petition failed to allege authority from the board to plaintiffs to enter into the contract or to accept the bond.

Third. That the petition failed to allege authority from the board to plaintiffs to maintain the suit for the use of the board, and that in the absence of a delegation of such authority the suit could not be maintained by plaintiffs for and in behalf of the board.

Fourth. That the bond was invalid because not accepted by the board and because not signed by the contractors; and,

Fifth. That there was no authority under the law for the prosecution of the suit for the use and benefit of those who had furnished material or labor for the erection of the building and who had not received payment therefor.

Section 124, Acts of Twenty-ninth Legislature (1905), provides for the formation of independent school districts, the election of trustees therefor, prescribing their powers and duties; and section 84 of the Act, which relates to the erection of public school buildings, reads as follows: "The trustees of such school district shall contract for the erection of such building and superintend the construction of the same, and the county superintendent shall draw his warrant or warrants upon the school fund so appropriated only upon the accounts first approved by them." Section 162 of the Act provides for the election of seven trustees, and section 165, in part, reads as follows: "The trustees chosen under this Act shall meet within twenty days after the election, or as soon thereafter as possible, for the purpose of organizing. A majority of said board shall constitute a quorum to do business, and they shall choose from their number a president; and they shall choose a secretary, a treasurer, assessor and collector of taxes, and other necessary officers and committees. . . ."

By the terms of this statute it is clearly within the powers of the board to appoint necessary committees, and the discretion to determine when the necessity exists for such committees is manifestly vested in the board; and we can perceive no valid reason why such a board can not lawfully appoint a building committee to let the contract previously authorized for the erection of a school building, to take a bond for the faithful performance of the duties of the contractor, and to perform such other duties incidental to the completion of the building. (Hitchcock v. Galveston, 96 U. S., 341, 24 L. ed., 659; Kramrath v. City of Albany, 28 N. E., 400, 28 Cyc., 648.)

Plaintiffs alleged in their petition that defendants C. C. and E. H. Jones also agreed to furnish a bond with good and sufficient sureties for the faithful performance of the contract to erect said building, and that in compliance with such agreement they, together with the other defendants as sureties, did execute and deliver a bond payable to plaintiffs, wherein they "bound themselves unto the plaintiffs, and unto their successors as a building committee, duly authorized by and acting for the board of trustees of McCauley Independent School District of McCauley, Fisher County, Texas, in the sum of five thousand dollars," etc. The following language used in the above quotation from the petition, "duly authorized by and acting for the board of trustees of McCauley Independent School District," is treated by defendants merely as a recital in the bond, but with that contention we do not agree. The petition does not allege that the bond so recited, and we think the language last quoted should be construed as an allegation that the acts of the plaintiffs, in entering into the contract with C. C. and E. H. Jones and in taking the bond sued on, were duly authorized by the board of trustees. With such an allegation we do

not think plaintiffs were required to allege that the bond was accepted by the board of trustees as well as by the plaintiffs.

We are further of the opinion that the suit could be maintained by plaintiffs for the use and benefit of the board of trustees of the McCauley Independent School District, as the contract and bond were expressly with plaintiffs as the building committee, thus vesting in them the legal title to such cause of action as might arise in favor of the school district, which in any event would be the sole beneficiary. (The Texas Western Ry. v. Gentry, 69 Texas, 631; Ward v. Hubbard, 62 Texas, 559; De Cordova v. Atchison, 13 Texas, 372; Texas & Pac. Ry. v. Levine, 29 S. W., 514, and authorities there cited; Mechem on Agency (2d ed.), secs. 754-755; 15 Am. Pl. & Pr., 484-489, notes; 5 Cyc., 820.)

In the case of Railway v. Gentry, *supra,* a judgment was affirmed in favor of one who held the legal title to certain choses in action, while the equitable title to same was in other persons, and in the opinion the following language was used: "But it is well settled in this State that the holder of the legal title of a chose in action may bring suit upon it in his own name, although the equitable right may be in another." The bond created no liability on the part of C. C. and E. H. Jones additional to that created by their execution and delivery of the contract to erect the house; and besides, plaintiffs alleged in their petition that the bond was delivered to plaintiffs by the contractors as well as by the sureties. The failure of the contractors to sign the bond did not relieve the sureties who had signed and delivered it with the intention of being bound by it. (San Roman v. Watson, 54 Texas, 259; Houston & T. C. Ry. v. Lockhart, 39 S. W., 321; Cockrill v. Davie, 35 Pac., 958; Eureka Sandstone Co. v. Long, 39 Pac., 46, 5 Cyc., 741.)

But we are of the opinion that plaintiffs could not maintain the suit for the use and benefit of those who had furnished labor or material for the erection of the building as there was no privity of contract between such persons and the defendants, and by section 85 of the Act of 1905 above referred to such persons are expressly denied a mechanic's or material-man's lien both on the building and on the lot upon which it is erected. (Jones Lumber Co. v. Villegas, 8 Texas Civ. App., 673; Santleben v. Alamo Cement Co., 25 S. W., 143.)

The judgment of the trial court is reversed and the cause remanded for trial in accordance with the views above noted.

*Reversed and remanded.*