**N. O. NELSON CO. v. STEPHENSON et al.**
(No. 5312.)

(Court of Civil Appeals of Texas. San Antonio.
June 10, 1914. On Motion for Rehearing,
July 1; 1914.)

1. Schools and School Districts (§ 81*)—
Public Schools — Contracts — Contractors' Bonds.

Rev. St. 1911, tit. 48, c. 15, authorizing the trustees of a school district to contract for and superintend the construction of school buildings, carried with it authority to require bond for faithful compliance with the contract, and incidentally to protect the laborers and material-men, as they could acquire no lien on school property.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 195, 196, 340; Dec. Dig. § 81.*]

2. Schools and School Districts (§ 81*)—
Contractors' Bonds—Actions—Parties.

A school building contractor's bond to the school district and all parties furnishing labor or materials, for the faithful performance of the contract and payment of all indebtedness incurred, inured to the benefit of the laborers and materialmen, any of whom could sue thereon in his own name, irrespective of whether the labor or materials were furnished on the faith of the bond.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 195, 196, 340; Dec. Dig. § 81.*]

3. Schools and School Districts (§ 81*)—
Public Schools—Contracts—Contractors' Bonds.

That the Thirty-Third Legislature (Acts 33d Leg. c. 99) enacted a law requiring any person contracting with a school district for the construction of a building to give a bond obligating himself to pay for labor and material did not prove want of previous authority to require such a bond; the object being to require a bond in every case, whereas before it was optional with the trustees.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 195, 196, 340; Dec. Dig. § 81.*]

Appeal from District Court, San Patricio County; F. G. Chambliss, Judge.

Action by the N. O. Nelson Company against W. O. Stephenson and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Jas. G. Cook, Jr., of Sinton, and W. O. Huggins, of Houston, for appellant. Jones & Childers, of Sinton, and O. A. McCracken, of Floresville, for appellees.

FLY, C. J. Appellant instituted this suit against W. O. Stephenson, S. V. Houston, and H. S. Tom to recover the sum of $1,803 for certain materials furnished by appellant to appellee, which were used by him in building a schoolhouse in school district No. 1, San Patricio county, and attorneys' fees; it being alleged that the trustees of said district employed Stephenson to build said schoolhouse and required him to give a bond in the sum of $18,500, with S. V. Houston and H. S. Tom as sureties, for the faithful performance of his contract and to pay all indebtedness that might be incurred, said

bond being given to the trustees and to "all parties who might furnish labor or material on the contract hereinbefore mentioned" and "to be paid to the said school district No. 1, Sinton, Tex., and to said parties who may furnish labor and material." It was alleged that the material was bought by Stephenson from appellant, that it was used in the construction of the schoolhouse, and had not been paid for. The court sustained exceptions to the petition, and the cause was dismissed. ·

[1] The board of trustees had the power and authority to require a bond for the faithful performance of the contract. The law provides for the formation of school districts in each county in the state, authorizes elections for the issuance of bonds to raise money to build schoolhouses, and authorizes the trustees of the district to contract for the erection of buildings and to superintend the construction of the same. Title 48, c. 15, Rev. Stats. 1911. The authority to erect the building carried with it the authority to require such bonds as might be necessary to secure the district in a faithful compliance with the building contract, and incidentally protect the laborers and materialmen, the only way in which they would be protected, as no mechanic, contractor, or materialman could acquire a lien on school property.

In the case of Wright v. Jones, 55 Tex. Civ. App. 616, 120 S. W. 1139, it was held that school trustees had, under article 2844, the authority to appoint a committee to let contracts for building schoolhouses and to take a bond for the faithful performance of the duties of the contractor. If the trustees could empower a committee to take a bond, they would undoubtedly be empowered to take one themselves. In the case cited the bond did not inure to the benefit of the laborers and materialmen because it was not payable to them. That the school trustees had the right to require a bond of a contractor is recognized in the case of Campbell Lumber Co. v. Smith, 148 S. W. 1195, and it was held that such bond did not inure to the benefit of materialmen simply because the bond did not so provide. In that case it was said:

"If the bond in the present case had provided that the obligors were bound, not only to the trustees of the Killeen independent school district, but likewise to all persons who might perform labor or furnish material in the construction of said building, irrespective of whether they were lienholders or not, then it seems, under the authorities, that plaintiffs in this case might have a cause of action, and be able to maintain this suit. * * *"

In line with the last case cited are Republic Co. v. Cameron, 143 S. W. 317, and Garrett v. McAdams Co., 163 S. W. 320.

[2] Not only did the board of trustees have the authority to require the bond in question, but when executed it inured to the benefit of the laborers and materialmen to whom

it was made payable. They were by the plain terms of the contract privies thereto and fully protected thereby, and each, or any of them, could prosecute a suit on the bond in his own name. Bank v. Railway, 95 Tex. 176, 66 S. W. 203; U. S. Fidelity Co. v. Thomas (Civ. App.) 156 S. W. 573; St. Louis v. Von Phul, 133 Mo. 561, 34 S. W. 843, 54 Am. St. Rep. 672; Baker v. Bryant, 64 Iowa, 561, 21 N. W. 83; Lyman v. City of Lincoln, 38 Neb. 794, 57 N. W. 531; Sample v. Hale, 34 Neb. 220, 51 N. W. 837; Gwinn v. Wright, 42 Ind. App. 597, 86 N. E. 453; Pickel Stone Co. v. McClinton (Mo. App.) 160 S. W. 833; City of Philadelphia v. Stewart, 195 Pa. 309, 45 Atl. 1056; City of Philadelphia v. Stewart, 198 Pa. 422, 48 Atl. 275.

[3] The fact that the Thirty-Third Legislature enacted a law requiring any person, firm, or corporation contracting with the state, or any county, school district, or other subdivisions thereof, or any municipality for the construction of any building or any public work, to give a bond, obligating himself to pay for labor and material, does not militate against the proposition that school districts had the authority to require such bonds before that law was enacted. The object of the law is to require a bond in every case, whereas, before, the bond might be required by the school district or not as the trustees might desire. The law was not passed to enlarge the authority of the state or any subdivision thereof, but for the protection of laborers and materialmen.

It would not matter whether the material was sold or the labor performed on the faith of the bond or not. It was executed, and appellant could avail itself of the protection afforded by it. We think that the moral obligation devolved on the board of trustees to take the bond for the protection of those who under the law could not protect themselves. The school district did not weaken its own security by protecting the third parties.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

The case of Townsend v. Rackham, 143 N. Y. 516, 38 N. E. 731, is cited as holding that a third party cannot obtain any benefit from a contract between two other parties which provides for the benefit of third parties. That was not a case in which the laborer or materialman had performed the labor or furnished the material to erect public buildings for a municipality. The case of City of St. Louis v. Von Phul, 133 Mo. 561, 34 S. W. 843, 54 Am. St. Rep. 695, is a masterly presentation of the right of a city to require bonds of contractors and provide therein for the protection of laborers and materialmen. It is supported by reasons of justice and right that cannot be successfully answered. As said in that case:

"The principle is that the labor expended and the material employed create the improvements, and the one benefited thereby, should see that compensation therefor is made. Through considerations of public policy the law has made no provision by lien, or otherwise, for the protection of the laborers and materialmen for labor employed or material used in improving the public streets. But it cannot be denied that the same equity exists, and that the same moral obligation rests upon the city to protect those who improve its streets as rest upon those making private improvements. * * * There can, we think, be no doubt that the duty the city of St. Louis owed to any one who should labor upon, or furnish material for, the improvements contemplated by the contract, would create such a privity between them as would entitle the latter to the benefits intended to be afforded them under the express conditions of the bond."

This proposition is sustained by an opinion of Judge Cooley in the case of Knapp v. Swaney, 56 Mich. 345, 23 N. W. 162, 56 Am. Rep. 397, who, in speaking of a stipulation in a bond given to a county protecting laborers and materialmen, held:

"The purpose of the stipulation is very manifest. It is that a contract the county has made shall not be the means of mischief to those who, though not contractors with the county, may perform labor or furnish materials in reliance upon the moneys to be paid under it. It would seem that to prevent such mischief was a proper object to be had in view by any public board when entering into a public contract. It would seem that there was a moral obligation in the case which the board might well recognize even though not compellable to do so."

A number of authorities are cited in the Missouri case that sustain the right of third persons "such as subcontractors, laborers, and materialmen, to maintain an action on a bond given by a contractor to a state, county, city, or school district, conditioned for the faithful performance of a contract for a public improvement, and for the payment of all claims of such third persons, though no express power was given the obligee to require such conditions." We indorse that proposition in the interest of honesty and upright dealing. Merchants', etc., Bank v. Mayor of New York, 97 N. Y. 357; Bank v. Winant, 123 N. Y. 267, 25 N. E. 262.

The motion for rehearing is overruled.