AMERICAN INDEMNITY CO. v. BURROWS HARDWARE CO. (No. 5768.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1917.)

1. PLEADING ⬪252(2)—AMENDED PLEADINGS —EFFECT.

When amended pleadings are filed, the former pleadings are discarded, and the amended pleadings cannot be aided by reference to the former pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 737½; Dec. Dig. ⬪252(2).]

2. CONSTITUTIONAL LAW ⬪89(1) — OBLIGATION OF CONTRACTS — POWERS OF LEGISLATURE.

The Legislature may provide in regard to the validity, effect, and consequences of contracts within constitutional limits and may provide that certain liabilities shall follow from making or entering into certain kinds of contracts.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 157; Dec. Dig. ⬪89(1).]

3. CONSTITUTIONAL LAW ⬪154(1), 299 — MECHANICS' LIENS ⬪3—DUE PROCESS OF LAW —OBLIGATION OF CONTRACTS.

Rev. St. 1911, art. 5623, as amended by Acts 34th Leg. c. 143, providing that if any bond is given by a contractor to the owner it shall inure to the benefit of any one who furnishes material or labor regardless of whether he is named as the obligee or not, does not deprive any one of due process of law or impair the obligation of the contract, but merely notifies the parties how any contract they may make will be construed.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. ⬪154(1), 299; Mechanics' Liens, Cent. Dig. § 4; Dec. Dig. ⬪3.]

4. MECHANICS' LIENS ⬪313 — CONTRACTS — CONSTRUCTION.

Where an owner and contractor entered into a contract for construction, their contract must be construed and their rights determined in view of Rev. St. 1911, art. 5623, as amended by Acts 34th Leg. c. 143, making the benefit of a bond given by a contractor inure to materialmen and laborers.

[Ed. Note.—For other cases see Mechanics' Liens, Cent. Dig. § 656; Dec. Dig. ⬪313.]

5. MECHANICS' LIENS ⬪313—BONDS—STATUTES—CONSTRUCTION—"MATERIAL."

Since Rev. St. 1911, art. 5621, provides for a mechanic's lien for labor or material, machinery, fixtures, or tools, but article 5623, as amended by Acts 34th Leg. c. 143, making the obligation of a contractor's bond inure to the benefit of materialmen and laborers, does not include fixtures or tools in its enumeration, one furnishing machinery and tools does not receive the benefit of such bond unless named therein; the word "material" not including such articles.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 656; Dec. Dig. ⬪313.

For other definitions, see Words and Phrases, First and Second Series, Material.]

Appeal from Bee County Court; W. G. Gayle, Judge.

Suit by the Burrows Hardware Company against the American Indemnity Company and others. Judgment for complainant, and the Indemnity Company appeals. Reversed and remanded.

R. L. Cox and L. D. Stroud, both of Beeville, for appellant. Dougherty & Dougherty and H. S. Bonham, all of Beeville, for appellee.

FLY, C. J. [1] This is a suit by appellee on an open account against appellant, G. Q. Mauldin, and the Consolidated Petroleum Company. It is ascertained that it was an open account only by a reference in the second amended petition to an exhibit attached to the original petition, and the account was not introduced in evidence. When amended pleadings are filed, the former pleadings are discarded, and the amended pleadings cannot be aided by a reference to the former pleadings. It is unnecessary to say, perhaps, that when an open account or other instrument is sued upon it should be introduced in evidence. However, every one seems to be satisfied with proof of the correctness of the account. The cause was tried by the court and judgment rendered in favor of appellee as against the petroleum company, a partnership, and the American Indemnity Company for $188.34. This appeal was perfected by the American Indemnity Company.

The facts show that the Consolidated Petroleum Company entered into a contract with certain parties to dig a well for oil on land in Bee county, the company "to furnish at its expense all machinery, tools, casing that may be necessary, reserving to the company the right to remove all such machinery, tools, casing and other articles of personal property upon completion of said well."

This suit is prosecuted against appellant under the theory that it is bound under a bond executed by the petroleum company to the other parties to the contract, with appellant as surety thereon, conditioned that the petroleum company would perform "all the obligations imposed upon it by said contract faithfully and well." The liability of appellant is claimed to exist under and by virtue of a statute passed by the Thirty-Fourth Legislature on March 31, 1915. Gen. Laws 1915, pp. 223–225. That act amended article 5623, Revised Statutes, so as to give a lien for labor performed and to require any owner, railroad company, its agent or receiver, to execute a written contract for any erection, repair, or improvement and file the same with the county clerk and also cause to be executed and filed a good and sufficient bond by the contractor. Article 5623a is added, by the act, to the statutes in which it is provided:

"The owner, railroad, receiver or his agent shall take from every contractor described in this chapter a good and sufficient bond in the sum of at least the full amount of the contract price, where said contract price is equal to or less than one thousand dollars; three-fourths of the con-

---

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes

tract price where said contract price exceeds one thousand dollars, but does not exceed five thousand dollars; one-half the contract price where said contract exceeds five thousand dollars, but does not exceed one hundred thousand dollars; and one-third of the contract price where said contract exceeds one thousand dollars, payable to the said owner, railroad or receiver. The condition of said bond shall be the true and faithful performance of the contract, and the payment of all subcontractors, workmen, laborers, mechanics and furnishers of material by the undertaker, contractor, master mechanic or engineer, the said bond to be made in favor of the owner, subcontractors, workmen, laborers, mechanics and furnishers of material as their interest may appear, all of whom shall have the right to sue upon said bond; and regardless of the provisions or wording of any such bond, said bond shall be construed by the courts, whether so specified or not, to guarantee the true and faithful performance of the contract and the payment of all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material against the undertaker, contractor, master mechanic or engineer, and it shall guarantee the payment of such claims, regardless of whether or not they are secured by any lien. Suit may be brought on said bond by the owner, subcontractor, workmen, laborers, mechanics and furnishers of materials, or any of them, and they and each of them shall have the right to recover on said bond in the same manner as if the bond were made payable directly to them. Suit on such bond may be brought in the county where the owner resides or where the work is performed, and at any other place provided by law. No change or alteration in the plans, building, construction or method of payment shall in any way avoid or affect the liability on said bond, and the sureties on said bond shall be limited to such defenses only as the principal on said bond could make."

It will be noted that the article not only requires the execution of a certain bond in a certain sum by the contractor conditioned for "the true and faithful performance of the contract, and the payment of all subcontractors, workmen, laborers, mechanics and furnishers of material by the undertaker, contractor, master mechanic or engineer, the said bond to be made in favor of the owner, subcontractors, workmen, laborers, mechanics and furnishers of material as their interest may appear, all of whom shall have the right to sue upon said bond," but it is further provided that the persons described shall have the same rights under the bond whether it is made payable to them or not, and "said bond shall be construed by the courts, whether so specified or not to guarantee the true and faithful performance of the contract and the payment of all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material," regardless of whether secured by a lien. In effect the law amounts to a provision that any bond taken by an owner from a contractor for the faithful performance of a contract shall bind the contractor and his surety to pay all claims for material furnished or labor performed regardless of the language of the bond, and whether payable to any one except the owner or not. That portion of the law is attacked as being obnoxious to the "due process" clause of the federal Constitu-

tion. In this connection, it may be said that it is the ruling of the Supreme Court of Texas, in effect, that, if a statute is unconstitutional in any respect, any attempt to enforce it would be infringement of the "due process" provision. Railway v. State, 100 Tex. 420, 100 S. W. 766. In that case the court said:

"If the statute involved in this litigation is invalid, then the fact that the proceedings in the court are regular will not constitute it due process of law, by which the penalties denounced against the railroad company would be enforced."

So if a statute destroys the obligation of contracts no trial under it could be due process of law. We have therefore considered the constitutionality of the law in question under an assignment alleging that due process of law has not been used. Railway v. Railroad Commission, 169 S. W. 1038.

Independent of any statute on the subject, it has been held in this state that, where the bond is made for the benefit of the owner, materialmen, and laborers, any of them could recover on the bond. Bank v. Railway, 95 Tex. 176, 66 S. W. 203; Nelson v. Stephenson, 168 S. W. 61. But it has been also held in Texas that a bond, which did not provide for the protection of materialmen and laborers, would not inure to their benefit. Lumber Co. v. Villegas, 8 Tex. Civ. App. 669, 28 S. W. 558; Santleben v. Cement Co., 25 S. W. 143; Wright v. Jones, 55 Tex. Civ. App. 616, 120 S. W. 1139; Lumber Co. v. Smith, 148 S. W. 1195.

We have now, however, a law which provides that such bonds shall be conditioned so as to protect materialmen and laborers, and, if they are not so conditioned, they shall inure to their benefit anyway. We have, after diligent search, found no case that bears directly upon the question raised in this case, namely, that the provision of the statute that the bond shall inure to the benefit of materialmen and laborers whether named in the bond or not is unconstitutional. In the California case of Gibbs v. Tally, 6 Cal. Unrep. Cas. 621, 63 Pac. 168, and 133 Cal. 373, 65 Pac. 970, 60 L. R. A. 815, the court discussed a statute which provided that a failure to comply with the law as to making a bond would render both owner and contractor liable to materialmen, laborers, and subcontractors. The court held that the statute was invalid because it attempted to compel the owner to furnish security for others in a matter to which he was not a party and was an undue interference with his property. The Texas statute imposes no burden upon the owner in the matter of the bond, but merely provides that when the owner takes a bond it shall inure to the benefit of materialmen and laborers as well as himself.

[2, 3] The Legislature may make provision in regard to the validity, effect, and consequences of contracts within constitutional limits, and may provide that certain liabilities shall follow from making or entering in-

to certain relations and kinds of contracts, and when one voluntarily does so, and thus incurs the liability, it may be said to be contractual in its nature. Elliott, Contracts, § 3. In other words, when parties enter into certain contracts, whose extent and ultimate results have been declared by statute, they will be held to have entered into the contracts with the statute in view and it would become a part thereof. The parties to a contractor's bond are put upon notice how any bond made by them will be construed, and they are not deprived of any right whatever by such provision of the law. The statute does not seek to make a new contract for the owner and contractor, but it merely notifies them that, if they have a bond for faithful performance of their contract, it shall protect certain classes as well as the owner. The parties make the contract with that provision of the law in view, and it does not take from them due process of law or impair the obligation of their contract. The law interferes with no existing right, and contracts are made with a full knowledge that the effect of them has been declared by statute.

"It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of the contract as if they were expressly referred to or incorporated in its terms. This principle embraces alike those which affect construction, discharge, and enforcement." United States v. Quincy, 71 U. S. (4 Wall.) 535, 18 L. Ed. 403.

[4] When appellant entered into the contract with the owners of the property, its liability became contractual towards materialmen and laborers. Whitman v. National Bank, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587.

Article 5623, as originally passed, and as amended, provides a means for fixing a lien, not only for material and labor already furnished, but also for that furnished subsequent to the notice provided for; no method being provided for protection as to material or labor to be furnished in articles 5621 and 5622. The right is given in article 5623, as amended in 1915, to any person, firm, or corporation who may furnish any material or perform any labor to have a lien and benefit of the bond, and by the amendment the Legislature sought, not only to protect persons who had furnished material and labor, but also those who might subsequent to a notice to the owner furnish such material or labor. To do this it provides for a lien, and declares, what many courts have declared without a statute, that every bond given by a contractor for faithful performance of his contract shall inure, not only to the benefit of the owner, but to the benefit of materialmen and laborers. The statute merely declares the effect of certain contracts, and when parties make such contracts they are

fully informed by the Legislature what the result of the same will be.

[5] Article 5621 provides for a lien for labor or material, machinery, fixtures or tools, but article 5623, as amended in 1915, is for the protection of "any person, firm or corporation who may furnish any material to or perform * * * labor for any contractor, subcontractor," etc. It is clearly indicated by the provisions of article 5621 that machinery and tools are not included in the word "material," because that word is used and in addition thereto the words "machinery, fixtures or tools," are used. It has been held that the word "material" would include tools and machinery furnished to do the work, but a different construction is put on it by the Legislature of this state. The two articles of the statute must be construed together, and, if the Legislature has indicated in article 5621 that material does not include machinery and tools, no sound reason can be given for "material" meaning tools and machinery in article 5623. If this be a proper construction of the statute, the bond provided for in article 5623a would not secure payment of claims for machinery and tools, and consequently would destroy a large portion of the claim of appellee.

This court is unable to separate the material furnished for the improvement from the tools and machinery, and cannot therefore render the judgment that should have been rendered.

The judgment will be reversed, and the cause remanded.