Standiford *v.* Shideler.

STANDIFORD ET AL. *v.* SHIDELER.

[No. 3,418.    Filed April 17, 1901.]

CONTRACTS.—*Building Contractor's Bond.—Action to Recover Claims Paid by Owner.—Complaint.*—Where a building contract authorized the owner to pay any valid claim remaining unpaid by the contractor, a complaint in an action on the bond given to secure the performance of the contract must show that the claims paid for which a recovery was sought were valid liens.

From the Marion Superior Court.    *Reversed.*

*W. W. Herod* and *W. P. Herod,* for appellants.
*C. A. Dryer,* for appellee.

COMSTOCK, J.—Appellee brought this action upon a bond given to secure the faithful performance of a building contract entered into between appellant Standiford and appellee Shideler, by which Standiford agreed to construct a residence and barn for Shideler.    A trial resulted in a judgment in favor of the appellee against the appellant, with a finding that Hahn was surety upon the bond.    The assignment of errors questions the sufficiency of the complaint and the action of the court in overruling appellant's motion for a new trial.

The proposition of counsel for appellants is that "it is not sufficient to allege merely that notices of intention to hold mechanics' liens were filed, nor is it sufficient to allege that the contractor failed to pay material men.    In order to make the complaint good, facts must be stated which show notices

to have been filed according to the statute." It is claimed that the complaint contains no allegation that appellee paid "money to material men under compulsion, nor that he paid valid liens." The contract and bond are made parts of the complaint.

Article one of the contract provides that the contractor shall furnish all material and perform all the work. Article nine contains the following: "If at any time there shall be evidence of any lien or claim for which, if established, the owner of said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient completely to indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default." The complaint avers "That a large number of mechanics, who had labored upon said house and furnished materials therefor in a contract so to do with said Standiford, filed mechanics' liens against said premises, and others were about to do so, and there being other evidence of claims against said property, in pursuance of the provisions in said contract, the said Shideler did pay to different material men, mechanics, and laborers who furnished material and labor for said house, large sums of money; that he was compelled to pay them, and did pay them, in order to prevent foreclosing of their several liens, and did pay and discharge one lien after suit had been brought against the plaintiff; that plaintiff has paid to said Standiford and to different lien holders and claimants against the same who were entitled or would have been entitled to file liens against said premises the sum of $2,295.81", etc.

It will be noticed that the contract authorizes the payment

by the owner of the premises of any lien or claim for which, if established, the owner or the premises might become liable, and which is chargeable to the contractor upon the evidence of such lien or claim.

The question of personal liability of the owner is not discussed by counsel, and if the contract be construed to provide only for the payment of claims secured by mechanics' liens, the complaint is wanting in any statement of facts showing any valid liens. "Evidence", as expressed in the contract, must be applied to valid liens, and there must be such a showing of facts as makes it appear that the liens were valid by virtue of notice of intention to hold liens having been filed within the time required by statute.

The fact, as averred, that appellee paid one claim after suit had been brought against him therein is not helped by the averment of any fact showing that said claim was a valid or existing lien against the property, or that there was any personal liability against appellee. In the absence of such averments, the complaint is fatally defective. *Price* v. *Doyle,* 34 Minn. 400, 26 N. W. 14.

Sureties have the right to stand upon the terms of their obligations when ascertained. They assume only the burdens expressed in the contract. The surety alone appeals.

The conclusion reached renders it unnecessary to consider the second specification of error.

Judgment reversed, with instruction to sustain the demurrer to the complaint.