## MANNY, Plaintiff-Appellant, v. NATIONAL SURETY COMPANY OF NEW YORK, Defendant-Appellant.

### St. Louis Court of Appeals, January 5, 1904.

1. **CORPORATIONS: Succession: Contractor's Bond.** Where one surety company absorbed all the assets and assumed all the liabilities of another, and became in all respects its corporate successor, it is liable on a bond executed by the latter, on behalf of a building contractor, to indemnify the owner against all claims, judgments, liens, etc.

2. **Principal and Surety: Contractor's Bond: Joint and Several Liability.** Under section 889, Revised Statutes 1899, the bond of a building contractor is joint and several, and an action lies on it against the surety without first proceeding against the principal.

3. **BUILDING CONTRACT: Liability of Surety: Defense to Action on Bond.** Where the surety on the bond of a building contractor, conditioned to hold the owner harmless against liens, defended a suit on a mechanic's lien, which resulted in a judgment enforcing the lien, such surety, when sued by the owner for the amount paid in discharge of the judgment, can not set up in defense infirmities in the lien which it could have pleaded in defense of the suit to enforce it.

4. ——: ——: ——: **New Contract.** But where the mechanic's lien judgment includes items of expense incurred under a new contract made by the owner's grantee and not covered by the bond, the surety is not liable for that portion.

5. ——: ——: ——: **Costs and Interest.** The owner, however, is entitle to recover for that portion of the judgment covered by the original contract with the costs paid in discharge of the judgment, with interest from that date upon the whole.

Appeal from St. Louis City Circuit Court.—*Hon. J. A. McDonald,* Judge.

MODIFIED AND AFFIRMED.

*Johnson & Richards* and *Charles Claflin Allen* for plaintiff-appellant.

(1) Whatever defenses the National Surety Company may have had originally, if any, were waived by the conduct of the company, and the defendants are estopped from setting up any such defenses at this time. Nolan v. Johns, 108 Mo. 431; Freeman on Judgments, (4 Ed.), sec. 180; James v. Life Association, 148 Mo. 1; Nickell v. Ins. Co., 144 Mo. 420; M., K. & T. Trust Co. v. German National Bank, 77 Fed. 117; 23 C. C. A. 65. (2) The points and authorities presented by the. defendant are not applicable to the case at bar. In answer to them, the plaintiff, as respondent shows: "At the hearing of the case it was admitted that the National Surety Company of New York had become the successor for all purposes to the National Surety Company of Missouri; that it purchased its assets and assumed its liabilities, and counsel for defendants admits that the averments of the petition in that respect are true." Thompson v. Abbott, 61 Mo. 176; Evans v. Bank, 79 Mo. 182; Kinion v. Railroad, 39 Mo. App. 382; Kinion v. Railroad, 39 Mo. App. 574. (3) The bond in the case at bar, while in form a simple contract, is, in legal effect, a contract of insurance. State v. Phelan, 66 Mo. App. 548; Frost, The Law of Guaranty, p. 327; Union Trust Co. v. Citizens' Trust and Sur. Co., 185 Pa. St. 217; Bank of Tarboro v. Fidelity and Deposit Co., 128 N. C. 366. (4) In this class of bonds "the surety is an insurer of his principal's obligations and liable as such in the first instance." Frost's Law of Guaranty Insurance, p. 12, sec. 3; Tebbetts v. Mer. Cred. Guar. Co., 9 C. C. A. 281 (1896); Globe Printing Co. v. Bickley,

73 Mo. App. 499; Carr v. Card, 34 Mo. 513; Brandt on Suretyship, p. 110, sec. 82.    (5)    The authorities cited by defendant's counsel in point three of his brief, do not sustain the doctrine as stated by him under said point.    On the contrary, they are entirely consistent with the propositions advanced by the plaintiff, and may well be cited in connection with the points relied on by plaintiff    Salmon Bank v. Leyser, 116 Mo. 74; Ham v. Hill, 29 Mo. 279.    The bond was a joint and several contract obligation under its terms and under the statute law of Missouri (R. S. 1899, sec. 889), and either of the obligors therein could be sued separately (R. S. 1899, sec. 892).

*T. J. Rowe* for defendant-appellant.

(1)    The National Surety Company of New York is no party to the bond herein sued on, therefore no cause of action is stated against it in the petition, and no judgment could be rendered against it in an action on said bond, because it was neither principal nor surety. (2)    A liability on a bond can not be sold, transferred or assigned, and the obligors in a bond are the only parties that can be liable in an action on a bond.    (3) The bond sued on herein being one of indemnity and not for the payment of a specific sum, the principal must be exhausted before the obligee in the bond has a right to proceed against the surety.    Salmon Bank v. Leyser, 116 Mo. 74; Ham v. Hill, 27 Mo. 279.    (4)    The evidence for plaintiff established the fact that the work which Lyons Bros. were required to do under their contract with plaintiff, dated March 19, 1897, was completed October 1, 1897; and Lyons Bros. were paid in full for same, and the last work and labor done or material furnished by the O'Connell Painting Company upon which its lien claim was based, was done and furnished on January 18, 1898, and all the work done and materials furnished by it from October 1, 1897, to January 18,

1898, was done and furnished under a contract other than and different from the contract dated March 19, 1897. State v. Medary, 17 Ohio 565; Winstone v. Rives, 4 Stewart & Porter (Ala.) 269; Bauer v. Cabanne, 105 Mo. 118; Nofsinger v. Hartnett, 84 Mo. 549. (5) No principle is better settled than that a surety has a right to stand upon the very terms of his contract. Meyer v. Parker, 6 Ohio St. 501; Sharp v. Bedell, 5 Gilman 88; Wood v. Fisk, 63 N. Y. 245; Davis v. Van Buren, 72 N. Y. 587; Brandt on Suretyship and Guaranty, secs. 393-396. "He is the favorite of the law, and has a right to stand on the strict terms of the obligation." Brandt on Suretyship, sec. 97; Miller v. Stewart, 9 Wheat. 680.

GOODE, J.—Action on a contractor's bond, originally brought against the firm of Lyons Bros., the contractors, the National Surety Company of Missouri and the National Surety Company of New York. We gather from the record that the case was dismissed as to the firm of Lyons Bros. That firm contracted with the plaintiff Manny to build him a house and gave bond for the faithful performance of the contract with the National Surety Company of Missouri as surety thereon. The bond bound the Lyons Bros. to well and truly perform and fulfill the stipulations and covenants of the contract, keep Manny harmless and indemnified against all claims, demands, judgments, liens, mechanic's liens, costs and fees of every description incurred in suits or otherwise, that might be had against him or against the improvements to be constructed under said contract, and repay to said obligee all sums of money which he might be obliged to pay on account of labor done or materials furnished for said improvement, etc. After the completion of the house, the O'Connell Painting Company filed a lien against the premises and brought suit to enforce it. The National Surety Company of Missouri, as surety on the bond, was notified to defend the case and did so. It resulted in a judgment enforcing the lien against the

premises for the sum of $536.45 and $28.80 costs, which sums were afterwards paid by the plaintiff. No appeal was taken from this judgment by Manny in view of the advice from the attorneys of the surety company that they did not see any ground on which an appeal could be successfully prosecuted. They demanded that Manny pay the judgment and then sue Lyons Bros. and the National Surety Company of Missouri on the bond, stating that their reason for making this demand was that the surety company held an indemnifying contract and the indemnitors had not authorized the surety company to pay the judgment, and, hence, it did not feel safe in doing so. The letter containing those matters was written by McKeighan & Watts, attorneys for the surety company. It stated further that they knew of no defense that would be available against the judgment in favor of the painting company. During the trial it was admitted that the National Surety Company of New York had become the successor of the National Surety Company of Missouri for all purposes, had purchased its assets and assumed its liabilities, and that the averments of plaintiff's petition in that respect were true.

The answer set up as a defense that the plans and specifications for the building were changed without the consent of the Surety Company of Missouri and that the alterations and changes made in the work during its progress involved a difference in the cost of construction of more than $500. The answer further pleaded as a defense that plaintiff made payments to Lyons Bros. before they were due under the terms of the building contract and, further, that this is an action on a bond of indemnity and can not be maintained against the surety company until plaintiff has exhausted his remedy against the principals.

The reply, besides a general denial, set up an estoppel against the surety companies, based on the letter of their attorneys to plaintiff after judgment in the lien suit in which it was said there was no defense to the suit

nor cause to appeal, on which notice plaintiff acted, and did not appeal but paid the judgment and costs.

1.   As the National Surety Company of New York had absorbed all the assets and assumed all the liabilities of the Surety Company of Missouri, and is in all respects its corporate successor, it is liable on the bond of the National Surety Company of Missouri for any liability that company had incurred. Thompson v. Abbott, 61 Mo. 176; Eans v. Bank, 79 Id. 182.

2.   The bond was joint and several and an action lay on it against the surety company without first proceeding to the extremity of the law against the principals.  R. S. 1899, sec. 889, et seq.; Union Trust Co. v. Citizens' Trust & Surety Co., 185 Pa. St. 217.

3.   The work on the house under the contract was finished November 11, 1897.  On November 16, 1897, Manny sold his house to N. G. Pierce, who required some extra work to be done, for which new contracts were made.  There appears to have been no extra work except this.  The O'Connell Painting Company had been doing the painting work on the building; but that work, so far as called for by the original contract, was finished prior to the sale.  The painting company was engaged by another contract to do the extra work. The work done under the original contract amounted to $497, and the extras to $39.45.   The lien account filed against the premises by the O'Connell Company included both those amounts, or $536.45.   It is contended by the defendant that the time for filing the lien for painting done under the original contract had expired before the lien papers were filed, and that a lien for that work could not have been maintained except by the inclusion in it of the extra work; that, therefore, as the lien was lost, plaintiff ought not to recover in this action.  Tardiness in filing the lien may have been a defense to the painting company's suit for the amount due under the first contract; but no such de-

fense was preferred.    The case was defended by the National Surety Company of Missouri, and it devolved on it to make that defense if it saw proper.    What is certain is that a judgment was rendered enforcing the lien against Manny's property for $497, due under the original contract, as well as for $39.45 due under the new contract; and, as he paid that judgment, it falls within the obligation of the building bond as to the amount due on the first contract.

We think the points made by the defendants are without merit.

Plaintiff also appealed and his complaint is based on the contention that the judgment in this case should have been for the full amount of the judgment recovered in the lien suit, as well as for the costs recovered in that action.    We can not agree that Manny is entitled to recover against these sureties the sum he had to pay the painting company under the new contract; for he had no bond covering the new contract.    We think he is entitled to recover the costs he paid out in that action, to-wit, $28.80.    He is also entitled to be reimbursed the $497 plus the interest which had run on that sum to the date of the judgment and the interest on that amount plus the amount of the costs from the date he satisfied the judgment until now.    We compute the total amount which plaintiff is entitled at this time to recover at $707.34, for which sum judgment will be entered here.

Wherefore, it is considered and adjudged by the court that the plaintiff take nothing by his suit herein against the defendant National Surety Company, incorporated under the laws of the State of Missouri; but that said defendant go hence without day; and that the plaintiff recover of the defendant National Surety Company, incorporated under the laws of the State of New York, the sum of $5,000.00, the penalty of the bond sued on herein, to be satisfied upon the payment of $707.34, the damages assessed as aforesaid, together with costs of suit, and that execution issue against said defendant

in the manner and form found as aforesaid. *Bland, P. J.,* and *Reyburn, J.,* concur.