CAMPBELL–ROOT LUMBER CO. et al. v. SMITH et al.

(Court of Civil Appeals of Texas. Austin. May 22, 1912.)

1. PRINCIPAL AND SURETY (§ 59*) — CONTRACTS OF SURETYSHIP—CONSTRUCTION.

A bond must be strictly construed according to its terms, and cannot be extended by implication, so as to make sureties liable beyond its stipulations.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. § 59.*]

2. MECHANICS' LIENS (§ 227*) — BUILDING CONTRACTS—BONDS OF CONTRACTORS—LIABILITY OF SURETIES.

A surety on a bond of a contractor to erect a school building for a district, which recites that the contractor and surety are bound unto the trustees of the district and to persons who may become entitled to liens under the contract, and which declares that the condition of the obligation is such that, if the contractor shall perform the contract and discharge all indebtedness that may be incurred by him, the obligation shall be void, and that the bond is made for the benefit of all persons who may become entitled to liens under the contract, is not liable to one who furnished labor and materials for the construction of the building, since, under the school law of 1905 (Acts 29th Leg. c. 124) § 85, no lien can attach against the building.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 410; Dec. Dig. § 227.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by the Campbell-Root Lumber Company and others against Nathaniel Smith and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

H. F. Lewis, of Lampasas, F. M. Spann, of Temple, and J. B. Durrett, of Belton, for appellants. A. L. Curtis, of Belton, and J. H. Evetts and Winbourn Pearce, both of Temple, for appellees.

RICE, J. On the 1st of August, 1910, Nathaniel Smith and the trustees of the Killeen independent school district entered into a contract, whereby the former, in consideration of the sum of $10,068, to be paid him by the latter, agreed to erect and complete certain additions to the school building belonging to said district, furnishing all material therefor, etc.; said contract containing numerous stipulations, which we deem unnecessary to recite, and at the same time executing an indemnity bond in the sum of $5,000 to said trustees for the faithful performance of said contract, with appellees as sureties thereon. Having, it seems, failed to pay appellants, who claimed to have furnished labor and material for the construction of said building, they instituted this suit therefor against appellees, the sureties on said bond, alleging that they had obtained judgment against Smith for the respective amounts due them, a part only of which had been paid, claiming that appellees were liable to them for the balance

thereof by reason of the execution of said indemnity bond, which, it is alleged, was conditioned that the said Smith should "duly and properly pay and discharge all indebtedness which might be incurred by him in carrying out the said contract to erect said school building, including attorney's fees in enforcing the payment and collection of any and all indebtedness incurred by the said Nathaniel Smith in carrying out said contract, and said contract and bond, in writing, was made, executed, and delivered by said defendant to the said trustees for the use and benefit of plaintiffs herein, and plaintiffs attach hereto said bond, making the same a part of this petition; the same being as follows:

"Bond. Know all men by these presents, that we, Nathaniel Smith, and sureties of the city of Killeen, county of Bell, state of Texas are held and firmly bound unto trustees of Killeen independent school district, of said county and state, as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned, in the sum of five thousand & no/100 dollars, lawful money of the United States of America, to be paid to the said trustees of Killeen independent school district and to said parties who may be entitled to liens, their executors, administrators or assigns; for which payment, well and truly to be made, we bind ourselves, one and each of our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals; dated this 30th day of July, 1910. The condition of this obligation is such that if the above-bounden Nathaniel Smith his executors, administrators or assigns, shall in all things stand to and abide by, and well and truly keep and perform the covenants, conditions and agreements in above-mentioned contract, entered into by and between the said Nathaniel Smith, contractor and the said Killeen independent school district, dated on the 30th day of July, 1910, for the construction of the work or works on the lot mentioned in the foregoing contract, and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Nathaniel Smith in carrying out the said contract and complete the same, free of all mechanic's liens, and shall truly keep and perform the covenants, conditions and agreements in said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified, as well as all costs, including attorney's fees, in enforcing the payment and collection of any and all indebtedness incurred by said Nathaniel Smith in carrying out said contract, then the above obligation shall be void; else to remain in full force and virtue. This bond is made for the use and benefit of all persons who may become entitled to liens under the said

contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person."

A general demurrer was sustained to this petition, and judgment was rendered that defendants go hence without day, and recover their costs, from which action of the court appellants have appealed, and assign the same as error.

[1, 2] It will be observed that the bond in the present case was executed for the benefit of the trustees of said school district and for lienholders against said building. It is not shown by any allegation in the petition nor the bond or contract that plaintiffs came within the purview of this provision. No lien of any character could attach under section 85 of the school law of 1905 (Acts 29th Leg. c. 124) against a public school building. The effect of the obligation of said bond is to be determined strictly according to its terms, and cannot be extended by implication, so as to make sureties thereon liable beyond its stipulations. See Cyc. vol. 27, p. 308. If the bond in the present case had provided that the obligors were bound, not only to the trustees of the Killeen independent school district, but likewise to all persons who might perform labor or furnish material in the construction of said building, irrespective of whether they were lienholders or not, then it seems, under the authorities, that plaintiffs in this case might have a cause of action, and be able to maintain this suit (see City of St. Louis v. Vonphul, 133 Mo. 561, 34 S. W. 843; 54 Am. St. Rep. 695); but no such provision is contained in said bond. In Bell v. Paul, 35 Neb. 240, 52 N. W. 1110, it was said: "The extent of the obligation of the sureties was that the contractor should complete the building and turn over the same to the owners, free from liens for labor and material furnished through contractors. Further than this they did not undertake or promise. It was admitted that only one lien was filed against the building, which was on a claim for $358.80 for brick furnished by one Thos. Murray; yet the judgment was rendered for $1,296.50, the full penalty of the bond, with interest. It is quite immaterial that the amount paid by Mr. Paul was justly due for labor performed and material supplied in the construction of the building. As liens therefor had not been filed, the payment was entirely voluntary. Sureties are not bound beyond the terms of their engagement."

In National Bank of Cleburne v. Gulf, Colorado & Santa Fé Ry. Co., 95 Tex. 176, 66 S. W. 203, Evans and Hoshour, who were contractors, had entered into a contract with the company for the construction of machine shops, engine houses, etc., and had executed a bond with sureties, indemnifying the railway company that they would faithfully perform the contract and save harmless the company from the payment of any and all liens that might be had against it or its property by reason of the nonpayment of any debts due to persons performing labor and furnishing material in carrying out the contract. Suit having been brought on this bond, the Supreme Court, in delivering an opinion on certified question through Mr. Chief Justice Brown, then Associate Justice, held that the court did not err in sustaining a general demurrer to the petition, saying: "We are not prepared to hold that the railroad company might not have required of the contractors a bond binding them and sureties to pay all debts contracted with persons for labor, material, or other things necessary to the performance of the contract, whether the claim might be asserted against the railroad company's property as a lien, or not; and that under such a contract, if it had been made, the materialmen and laborers might sustain an action against the contractors and their sureties upon the bond. The terms of the contract involved in Jordan v. Cavanaugh, 63 Iowa, 157 [18 N. W. 851], were much more specific than in this case; but we find in the bond under consideration no provision which will justify such interpretation. The only support for that construction is the following language: 'Now the condition of this obligation is such that if the above-bounden E. B. Evans and C. A. Hoshour shall well and faithfully pay all laborers, mechanics, materialmen and persons who supply such contractors with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on such work agreed to be done and performed by said above-bounden E. B. Evans and C. A. Hoshour.' There is not in this clause any promise by Evans and Hoshour to pay those persons who might contract with them during the progress of the work; it is simply the expression of a condition upon which their liability to the railway company is defined, and for a breach of which they would be liable to the company itself. Standing alone, the clause would not support the claim. The character of the instrument as a bond of indemnity to the railroad company is clearly established by the language which precedes that clause, which is, in substance, that the bond is intended and given as additional security to the railroad company for the performance of the contract, and by the clause which immediately follows that relied upon, viz.: 'And also shall well and truly save and keep harmless the said Gulf, Colorado & Santa Fé Railway Company, from the payment of all liens, claims, demands, costs, suits, judgments and executions that may be taken, rendered, had or obtained against the Gulf, Colorado & Santa Fé Railway Company or its property, by reason of the nonpayment of any of the debts, claims or de-

mands of any of the several parties hereinbefore mentioned and provided, and shall duly perform and observe the stipulations and agreements contained in said contract, and on its part to be performed * * * then this obligation shall become null and void, otherwise to be in full force and virtue.'" Continuing, Judge Brown says: "If there were doubt as to the meaning of the language first quoted, it is surely dispelled by the full expression of the intention contained in the text of the bond. No liability of the railroad company to plaintiff, nor lien upon its property, being shown, there has been no breach; therefore no right of action upon the bond."

It is contended by appellees in their brief that "the subsequent paragraph in the bond did not create any obligation, but only stated the condition upon which the obligation should remain in full force and be effective; that is, that the same should be void, provided Nathaniel Smith constructed the building according to contract, and paid off and discharged the indebtedness incurred by him in its construction. In the language of Justice Brown in the case last quoted, we say that, if there had been any doubt as to the meaning of the obligation and the condition stated in the first two paragraphs of the bond, it is surely dispelled by the full expression of the intention of the parties and the character of the obligation as stated and defined in the third paragraph of the bond, which is as follows: 'This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person.' No right of action is given to any person, other than the trustees of the Killeen independent school district, and persons who might become entitled to liens. The bond did not recite that it was given for the use and benefit of all persons to whom Nathaniel Smith might become indebted for labor or material in the performance of his contract."

We adopt this view and hold that as appellees, who were sureties upon the bond of Smith, cannot be held, except in accordance with the strict terms thereof, and since their liability cannot be extended beyond the terms of the bond, as shown by the following cases: Boas v. Maloney, 138 Cal. 105, 70 Pac. 1004; Gato v. Warrington, 37 Fla. 542, 19 South. 883; Standiford v. Shideler, 26 Ind. App. 496, 60 N. E. 168; Manny v. National Surety Co., 103 Mo. App. 716, 78 S. W. 69; 34 Cent. Dig. Mechanics' Liens, par. 658—we hold that they are not liable under the conditions of said bond; and the court did not err in sustaining said demurrer. For which reason, its judgment is affirmed.

Affirmed.