**HOUSTON & T. C. R. CO. v. LEWIS et al.**
.(No. 700.)

(Court of Civil Appeals of Texas. Beaumont. June 13, 1921. Rehearing Denied June 29, 1921.)

Indemnity ⬥⟿8—Contract by landowner to indemnify railroad for loss for damage to stock held to apply to damage only on land specified.

Where defendant's testator contracted to indemnify railroad company for loss from killing stock owned by tenants of testator, and by the testator, if the railroad company would leave the right of way through a tract of land owned by the testator unfenced in order that part of the right of way might be cultivated, the contract applies only to the stock of testator and tenants of the land mentioned, and does not apply to stock belonging to a tenant living on other land of testator.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Action by Tony Lewis against the Houston & Texas Central Railroad Company, which filed a cross-action against Mrs. R. J. White,

whose executor, Stone White, was substituted in her stead. From judgment for the executor in the district court, on appeal from justice court, defendant appeals. Affirmed.

A. P. McCormick, of Waco, Perry & Woods, of Franklin, and Baker, Botts, Parker & Garwood, of Houston, for appellant.

J. Felton Lane, of Hearne, for appellees.

HIGHTOWER, C. J. This suit was filed by Tony Lewis in one of the justice courts of Robertson county, against appellant railroad company, seeking to recover damages for the alleged negligent striking and killing of a milch cow belonging to Lewis by the train and cars of appellant. Appellant answered by general denial, and then specially alleged that prior to the date of striking the cow it had made and entered into a written contract with one Mrs. R. J. White, who was the owner of a farm through which appellant's railroad track ran, by the terms of which contract Mrs. White had bound and obligated herself to indemnify appellant for any damages sustained by herself or any of her tenants on her farm for any stock killed or injured by appellant's trains, and appellant prayed that Mrs. White be made a party to the suit, and that, in the event judgment should be recovered by Lewis against it, then it prayed judgment over against Mrs. White under the terms of said claimed contract. Mrs. White answered by general demurrer and general denial. The case was tried in the justice court, and resulted in a judgment in favor of Lewis against appellant for $75, that being the market value of the cow shown to have been killed, and, further, that appellant take nothing on its cross-action against Mrs. White. From this judgment, appellant appealed to the district court of Robertson county (the county court having no jurisdiction), and in that court the death of Mrs. White was suggested by appellant, and her executor, Stone White, was made a party in her stead, and the same relief prayed against him as was prayed against Mrs. White.

Upon trial in the district court, without a jury, judgment was rendered in favor of Lewis against appellant for $85, found to be the value of Lewis' cow, and no recovery was allowed appellant as against said executor, Stone White. From that portion of the judgment denying appellant recovery over against the executor of Mrs. White, it has appealed to this court.

The trial judge filed findings of fact and conclusions of law. Among other findings, unnecessary to mention here, he found that the written contract between appellant and Mrs. White, on which recovery over against the executor was sought by appellant, had no application to Lewis' cow, and therefore

---

afforded no right in appellant to a recovery against said executor.

The claimed contract of indemnity relied upon by appellant is as follows:

"The State of Texas, County of ——.

"This agreement, this day made and entered into by and between the Houston & Texas Central Railroad Company, hereinafter styled the first party, and Mrs. R. J. White, hereinafter styled second party, witnesseth:

"The second party owns in fee simple a certain tract of land about 8 miles from the town of Hearne, in Robertson county, Texas, being 1,360 acres of the G. A. Mixon survey, said land having been acquired by said party from —— under deed dated —— day of ——, said deed being duly recorded in the Deed Records of Robertson county, Texas; and

"Whereas, the first party owns a tract of land 50 feet in width through the said tract of land first referred to and uses for the purpose of maintaining and operating its railroad thereon; said tract of land being —— feet in width on each side of the center line of track of the first party and extending from station —— to station —— of said first party's line of railroad; and the first party being desirous of fencing its said track or tracks and property extending through second party's said tract of land, so as to prevent any and all damages to said land and the killing of stock by said railroad; and

"Whereas, the second party being desirous that the track or tracks and property of the first party above described, be not fenced, is willing to protect the first party from any loss or damage to stock, belonging to second party, his tenants and those over whom he has control, occasioned by being struck by engines, cars, etc., belonging to the first party, and to waive any rights to claim for such damage to live stock, except in regard to crossings, which shall be treated and considered as though the remainder of the right of way was fenced.

"Whereas, the party of the second part, in the cultivation of said land may cultivate portions of the property of the first part, within the distance of 25 feet from the center of the track, agrees that limitation shall not apply to the right of way in cultivation and unfenced, nor any claim be made for any penalties nor for damages to crops on the property of the first party.

"Therefore, in consideration of the fact that the party of the second part is willing to enter in writing into such agreement with the party of the first part (which agreement is hereby entered into and executed) to relinquish and waive all rights to damage to party of the second part as above specified the party of the first part hereby agrees not to build a line or lines of fence along the boundaries of its said property, as is customary, and as was intended.

"This agreement shall continue in effect until it is terminated by either party giving to the other thirty days' notice in writing of his intentions to terminate, and until so terminated shall be binding upon the parties hereto and their successors in title.

"This agreement made and executed this 8th day of March, A. D. 1917."

The undisputed facts, as reflected by the record in this case, are, substantially, as follows:

Tony Lewis, whose cow was killed, was a tenant of Mrs. R. J. White, and was residing upon and cultivating a portion of a 440-acre tract of land owned by Mrs. White in Robertson county, known as the Armstrong tract. Lewis kept his cow upon this tract of land where he resided, and this Armstrong tract constituted no part or portion of the 1,360-acre tract of land of the G. A. Mixon survey specifically mentioned and designated in the written contract which we have above copied, nor was said Armstrong 440-acre tract in any way connected with said 1,360-acre tract. Appellant's line of railroad was not fenced where Lewis' cow was killed, and the point where she was killed on appellant's track was not opposite the 1,360-acre tract mentioned in the written contract, but quite a distance from the nearest point of said 1,360-acre tract. Lewis, as a tenant of Mrs. White, had no connection whatever with the 1,360-acre tract of land mentioned in the written contract, and his cow that was killed did not stray from that tract upon appellant's right of way.

It is the contention of appellant that the written contract between itself and Mrs. White, above copied, when properly construed, compelled Mrs. White to indemnify it against the recovery of Lewis in this case, appellant contending that the contract, read as a whole, manifests clearly an intention on the part of the parties to it to include and cover any and all land and any and all tenants upon land owned by Mrs. White through which appellant's railroad was constructed, regardless of where such lands not mentioned in the contract might be situated. If such construction of the contract is the proper one, then the district judge was in error in denying recovery in favor of appellant against Mrs. White's executor. We have concluded, however, that appellant's contention on this point cannot be sustained. The contract, when carefully read, relates particularly and exclusively to the 1,360-acre G. A. Mixon tract therein mentioned. The primary purpose, perhaps, actuating Mrs. White in the execution of the contract was the right given her under the terms thereof to cultivate a portion of appellant's right of way extending through that named tract, and, in consideration of that privilege, she agreed to indemnify appellant against any damages for stock killed at any point on said tract of land by appellant's trains passing through that tract of land, whether owned by herself or her tenants, and further agreed not to claim limitation against appellant as to any portion of its right of way opposite that tract that might be cultivated by her. This is the clear and proper interpretation,

in our opinion, of the written contract, and we think the trial judge was correct in not giving it the construction contended for by appellant. Had it been intended by the parties to the contract that other tracts or surveys of land than that specifically mentioned in the contract should be included and covered thereby, it is but reasonable to suppose that the parties would have used language aptly expressing that intention. We are unwilling to adopt appellant's contention in the face of the express language used by the parties to the contract, and hold with the trial judge that this contract gave no right of recovery in the nature of an indemnity over against Mrs. White's executor.

The judgment will be affirmed.

