## SUPERIOR COURT

American Surety Company of New York
vs.
John F. O'Rourke et al. } Eq. No. 6789.

RESCRIPT.

November 5, 1924.

TANNER, P. J. This is a bill in equity brought by the American Surety Company of New York against

the Rhode Island Livestock Company, the City of Providence, and several other grantees of said John F. O'Rourke.

The bill is brought upon a bond given by the complainant to the City of Providence to insure the performance of a contract to remove the city's swill by said Nugent; also upon an indemnity bond signed by said John F. O'Rourke in favor of complainant.

The bill is heard upon the demurrer of said Nugent, O'Rourke and the Rhode Island Livestock Company.

The principal ground of demurrer is that there has been no judicial determination of any liability to the City of Providence upon said surety bond or bond of indemnity, but the bill alleges that said Nugent did not perform his contract; that he was declared by the city to have broken said contract, and the damage to the city was stated to be a certain amount clearly determined by the difference between the amount for which Nugent agreed to perform the contract and what it would cost the city to procure the performance of the contract.

We think that the bill could be sustained against Nugent, upon the original bond to the city as a bill by a surety for exoneration before the debt was judicially determined, in a suit by the city against Nugent upon general principles of the rights of the surety.

Central Trust Co. vs. Louisville Trust Co., 100 Fed. 545.

We think the bill can be sustained against Nugent and O'Rourke upon the indemnity bond because the indemnity bond is so drawn as to protect the surety company, the complainant, not only against loss or damage but on any claim of liability for damages. We thing the authorities establish this distinction clearly. In Central Trust Co. vs. Louisville Trust Co., supra., the Court rightly decided upon the indemnity

bond in suit that the action could not be sustained because in that case the indemnity bond was drawn to protect simply against loss or damage and there had been no judicial determination of loss or damage, but the case seems to us by its citation of other authorities and by its own language to admit that the action could be sustained upon an indemnity bond drawn in terms similar to that of the case at bar.

The demurrers upon these grounds are therefore overruled.

It is sought to hold the Rhode Island Livestock Company in this case because it took over the assets of Nugent and assumed his liabilities. We think that such a promise is broad enough to cover liabilities of all kinds.

Manny vs. National Surety Co., 103 Mo. App. 721.

As has already been said, we think one of the liabilities of Nugent was his liability under both the surety bond and the indemnity bond to an equitable action for exoneration upon the part of the surety. Under the principle of novation, the bringing of the bill against the Livestock Company is a sufficient election of the complainant to hold the Livestock Company and release Nugent.

Demurrer upon this ground is therefore overruled.

There is an allegation in the bill that the Sales Act is violated by the sale by Nugent to the Livestock Company of his property in bulk, but we do not see how this could be taken advantage of upon a creditor's bill before judgment had been obtained by the creditor against his debtor.

It is also sought in this bill to set aside the alleged fraudulent conveyance by O'Rourke of his property to different people.

Whatever may be done elsewhere, we believe the doctrine is firmly established in this state that such a creditor's bill can not be sustained

before judgment has been obtained against the debtor, except in a case where the debtor has absconded. The debtor is not alleged to have absconded in this case.

The demurrer on these grounds is therefore sustained.

The other grounds of demurrer are overruled.

For Complainants: Comstock & Canning and William A. Graham.

For Respondents: Greenough, Easton & Cross and John P. Beagan.