## LOPP et al. v. ERVIN. (No. 11218.)

(Court of Civil Appeals of Texas. Fort Worth. June 20, 1925.)

**1. Indemnity ⬅6—Liability of principal and surety on indemnity bond confined to its terms.**

The obligation of principals and sureties on an indemnity bond must be confined to terms of bond, and person suing thereon must bring his case clearly within its terms, and show by his allegations that condition of bond has been breached.

**2. Indemnity ⬅15(6)—Petition in action on indemnity bond held defective.**

In action on indemnity bond under which obligors were bound to reimburse plaintiff on any judgment against him for commissions in sale of land, petition *held* defective in not alleging that plaintiffs carried out sale contemplated by bond, and that judgment obtained against him was for commissions.

**3. Appeal and error ⬅544(3)—Judgment not sustainable, in absence of allegation material to plaintiff's right of recovery.**

A judgment cannot be sustained, in absence of necessary allegation material to plaintiff's right of recovery, even in absence of statement of facts.

**4. Appeal and error ⬅544(1)—Contention that court without jurisdiction because reinstatement ordered after dismissal during preceding term held without merit.**

Defendant's contention that court was without jurisdiction to render judgment because reinstatement ordered after dismissal during preceding term *held* without merit, in view of lack of bill of exceptions and fact that reinstatement order purports to be nunc pro tunc order, implying that it had been made at term at which dismissal occurred, but had not been entered, in which case correction at subsequent term did not render court's action nugatory.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by R. N. Ervin against P. O. Lopp and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

John W. Baskin and W. F. Kelly, both of Fort Worth, for plaintiffs in error.

Walker, Stuart & Rattikin and Clay Cooke, all of Fort Worth, for defendant in error.

CONNER, C. J. This appeal is by writ of error prosecuted from a judgment in favor of R. N. Ervin for the sum of $452.80 against the plaintiffs in error based upon the following indemnity bond:

"Whereas, the undersigned principals have as agents for R. N. Ervin, sold his home in Fort Worth to Mrs. Whitla, by contract signed by said Ervin but not signed by his wife; and, "Whereas, the said Ervin and wife have refused to carry out the contract because other parties are claiming to have made said Ervin for commissions for such sale:

"Now, therefore, as a consideration for the said Ervin and wife carrying out said sale, we, the undersigned principals and sureties, bind ourselves to defend, at our own expense, any suit or suits that may be brought against the said Ervin for commissions on said sale, and to promptly pay off and satisfy any judgment that may be rendered against the said Ervin for commissions in any such judgment that may be rendered in any such suit.

"Witness our signature the 16th day of January, 1920.

"[Signed]                P. O. Lopp,
                         "W. B. Walker,
                              "Principals.
"[Signed]                Wm. S. Head,
                              "Surety.
                         "C. D. Wiggins,
                              "Surety.
"Accepted and approved.
    "[Signed] R. N. Ervin."

The plaintiff alleged:

"That as a result of the sale of said home of R. N. Ervin a suit was brought against the plaintiff herein by W. C. Compton & Co., No. 17690, in the county court, Tarrant county, Tex., and a judgment was obtained against the plaintiff, R. N. Ervin, for principal amount of $375; that under said judgment execution was issued and a levy was made on the property of R. N. Ervin, to wit, lots 31 and 32 in block 34, Chamberlin Arlington Heights addition, first filing, to the city of Fort Worth, Tarrant county, Tex.; and that, in order that said property might not be sold, the plaintiff herein had to pay off said judgment on the 7th day of January, 1921, in the principal sum of $375, with interest of $23 and court costs in the sum of $54.15."

[1] The answer of the defendants was by a general demurrer and a general denial, but they made no appearance upon the trial, and no statement of facts has been presented. It is clear that the obligation declared upon is one of indemnity, and hence that the obligation of the principals and sureties must be confined to the terms of the bond. In or-

der to authorize a recovery in his favor, the plaintiff was bound to bring his case clearly within its terms and show by his allegations that the condition of the bond had been breached. See Simpkins on Contracts and Sales (3d Ed.) p. 657; H. & T. C. Ry. Co. v. Lewis (Tex. Civ. App.) 233 S. W. 346; Closner v. Chapin (Tex. Civ. App.) 168 S. W. 370; Campbell-Root Lumber Co. v. Smith (Tex. Civ. App.) 148 S. W. 1195.

[2, 3] It will be observed that the petition fails to allege that the plaintiff and his wife, upon the execution of the bond, in fact carried out the contract of sale that had been procured by the signers of the bond, and further fails to allege that the suit in which it was alleged judgment had been rendered against the plaintiff, Ervin, had been one for commissions by any one, and the obligors only bound themselves to reimburse the plaintiff Ervin for a judgment that might be rendered against him in a suit for commission. If we should imply that Ervin and wife consummated the contract of sale secured by the principals in the indemnifying bond, it would not follow that as a result thereof the only cause of complaint on the part of W. C. Compton & Co. was for commissions. There are no terms in the bond from which it can be said that W. C. Compton & Co. were the parties who claimed commissions against which the bond was intended to provide, and we do not think we can so imply, or that we would be authorized in assuming that W. C. Compton & Co. had no legal ground of complaint against Ervin growing out of the sale of his homestead other than that of a failure to pay commissions. A judgment cannot be sustained in the absence of a necessary allegation material to plaintiff's right of recovery, even in the absence of a statement of facts. See cases cited in Encyclopedic Digest of Texas, vol. 11, pp. 26, 27.

[4] Complaint is made of the jurisdiction of the court to render the judgment growing out of the alleged fact that the suit at one time had been dismissed and at a later term of court reinstated; the contention being that the order of dismissal at the end of the term became final, and hence that the court was without power at the succeeding term to reinstate it. There is no bill of exception, however, presenting the facts relating to this subject, and the order of dismissal as presented in the transcript is without date. Furthermore, the motion to reinstate was agreed to by one signing his name as counsel for defendants, and nothing in the record shows that he was without authority to sign. Moreover, the order of reinstatement purports on its face to be a nunc pro tunc order, from which it may be implied that an order of reinstatement in fact had been made at the term of court at which the dismissal of the case occurred, but that such order had not been entered upon the minutes. If so,

the fact that the correction indicated by the order of reinstatement was made at a subsequent term of court does not render the court's action in this respect nugatory. See Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63; Jacob Denni, Guardian, v. Elliott, 60 Tex. 337.

We conclude that, because plaintiff's petition was fundamentally deficient, the judgment below must be reversed and the cause remanded.