TARKINGTON PRAIRIE LODGE, A. F. & A. M., NO. 498, et al. v. GEORGE W. SMYTH LUMBER CO. et al. (No. 431.)

(Court of Civil Appeals of Texas. Beaumont. April 26, 1919. On Motion for Rehearing, June 24, 1919.)

1. PRINCIPAL AND SURETY ⊜⇒117—BREACH OF CONTRACT BY OWNER NOT RELEASING SURETY—STATUTE.

A building contract and contractor's bond entered into subsequent to Acts 34th Leg. c. 143 (Vernon's Ann. Civ. St. Supp. 1918, art. 5623a), adding article 5623a to Rev. St. 1911, and providing that no change or alterations in method of payment shall in any way avoid or affect liability on the bond, was entered into with reference to such statute, and owner's payment of the full contract price for the building before it was completed and accepted, and failure to retain 20 per cent. of the contract price as provided, did not release the bondsmen as against the owner.

2. PRINCIPAL AND SURETY ⊜⇒117 — CONTRACTOR'S BONDSMEN—CHANGE IN METHOD OF PAYMENT—BREACH OF CONTRACT.

The rule that a change in the specifications of a building or the method of payment to the contractor operated to make a new contract, and thus released the sureties on the contractor's bond, was clearly modified by Acts 34th

Leg. c. 143 (Vernon's Ann. Civ. St. Supp. 1918, art. 5623a), adding article 5623a to Rev. St. 1911, taking away such defense on a part of the sureties, and limiting the surety to defenses such as the principal on the bond could make. so that owner's breach by failure to retain 20 per cent. until building was completed and accepted, as provided by contract, did not release bondsmen.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by the George W. Smyth Lumber Company and others against Tarkington Prairie Lodge, A. F. & A. M. No. 498, and others. Judgment for plaintiff as against defendant J. T. Key, building contractor, and the defendant sureties on his bond, and as between plaintiff and the defendant lodge decreed that plaintiff take nothing, and as to the cross-action of the defendant lodge against Key and his sureties a judgment was rendered in favor of the lodge as against Key, against the lodge and in favor of the sureties on Key's bond. From that part of the judgment allowing recovery against them in favor of plaintiff the sureties appeal, and from that portion of the judgment denying it a recovery on its cross-action against the sureties the lodge appeals. Affirmed in part, and reversed and rendered in part.

Baldwin & Baldwin, of Houston, and Oliver J. Todd and W. G. Reeves, both of Beaumont, for appellants.

Greer & Nall, of Beaumont, and Minton & Lewis, of Hemphill, for appellees.

HIGHTOWER, C. J. On August 12, 1916, one J. T. Key, a building contractor, entered into a written contract with Tarkington Prairie Lodge, A. F. & A. M., No. 498, of Liberty county, Tex., the latter acting through its building committee, by the terms of which contract the said Key agreed and bound himself to erect in the town of Cleveland, in said county, a two-story building, to be constructed of brick and hollow tile, which building was desired for use as a Masonic lodge building by said lodge. This building was to be in accordance with certain plans and specifications agreed upon by the parties, and was to be completed within 90 days from the date of said contract. By the terms of the contract, Key was to furnish all material and labor necessary for the erection of the building, and he was to receive for the building complete the total consideration of $5,120. The contract further provided that, in the event the building was not completed within 90 days from the date of the contract, Key would pay to said lodge $10 per day per each working day after expiration of the 90 days and until said building should be completed. It was further provided in the contract that said lodge,

through its building committee, should advance to Key sufficient funds to cover 80 per cent. of the cost of all material going into said building, and also 80 per cent. of the cost of all labor used in its construction, as the work progressed; but the contract stipulated that no further advances should be made to Key until said building should be completed by Key and accepted by the lodge. In other words, this provision of the contract was substantially to the effect that the lodge should retain 20 per cent. of the contract price of the building until Key should complete said building in accordance with his contract.

To secure performance of this contract by Key, he was required to and did execute a bond in the sum of $2,600, payable to the building committee, acting for said lodge, and the following named person signed said bond as Key's sureties, to wit: W. W. King, W. C. Arthur, J. W. Lewis, C. A. Howard, T. B. Morgan, M. V. Whitfield, J. S. Meador, W. T. Jones, A. J. Hartel, and L. Wilkinson. Key never completed or performed his contract for the erection of said building, after having entered upon performance of same, but refused to do so, and abandoned and left the building in an incompleted state. After Key abandoned and breached his contract, said lodge, acting through its building committee, notified the sureties on Key's bond to that effect, and requested them to complete the building according to Key's contract, which they refused to do. The lodge then, acting through its building committee, went ahead with the construction of said building according to plans and specifications in the contract, and completed the building at a necessary and reasonable expense to the lodge for material and labor of $1,710.60 over and above the contract price. Counting from the date when Key should have completed the building, it required the lodge 90 days to complete same, and such time was reasonably and necessarily required.

During the time Key was engaged in the erection of said building, and before he abandoned his contract, he purchased from the George W. Smyth Lumber Company, a manufacturer of lumber and building material, several items of material that went into the building, aggregating something over $1,300 in value, and at the time he abandoned the building Key owed George W. Smyth Lumber Company for said material a balance of $768.75, which balance has never been paid. The George W. Smyth Lumber Company, as plaintiff, brought this suit against the said Key, contractor, and also against the above-named sureties on his bond, to recover said balance, with interest thereon, and also made said lodge a party defendant, and sought recovery against it for said balance. Defendant Key made no answer to the suit, but said sureties on his bond as contractor all answered, and denied liability to George W. Smyth Lumber Company in any sum whatever. Said lodge also denied any liability to George W. Smyth Lumber Company.

Said lodge, by way of cross-action against Key and said sureties on his bond, sought to recover the amount which said lodge had expended over and above the contract price for said building, to wit, $1,710.60, and also sought to recover against them $900 as damages provided for in Key's contract for delay in the completion of said building. Key made no answer to the lodge's cross-action, but said sureties all answered thereto, and denied any liability to the lodge in any sum whatever.

The case was tried by the court without a jury, and resulted in a judgment in favor of the plaintiff, George W. Smyth Lumber Company, as against Key and said sureties on his bond, in the sum of $830.25, being the principal amount and interest thereon claimed by said plaintiff against said defendants; but as between said Smyth Lumber Company, plaintiff, and said lodge, it was decreed that said plaintiff take nothing. As to the cross-action by the lodge against Key and his said sureties, the court rendered judgment in favor of the lodge against Key for the sum of $2,878.73, which sum represents the amount which was found by the court to have been reasonably and necessarily expended by the lodge in completing said building, and which was in excess of the contract price for said building, and which also includes $900 awarded by the court as damages sustained by the lodge and provided for in the contract in consequence of Key's failure to complete the building within the time stipulated in the contract; but as to said sureties on Key's bond the court denied any recovery in favor of said lodge.

From the judgment so rendered and entered, the sureties on Key's bond appealed from that part thereof allowing recovery against them in favor of the George W. Smyth Lumber Company, and said lodge appealed from that portion of the judgment denying it a recovery on its cross-action against said sureties on Key's bond. The trial court filed findings of fact and conclusions of law, and all such findings of fact, as far as they are material, are substantially stated above.

[1] We shall first dispose of the contention made by King and others, sureties on Key's bond, complaining of the judgment against them in favor of the George W. Smyth Lumber Company. Their first assignment of error is as follows:

"The trial court erred in failing and refusing to sustain the general demurrer and general exception filed in said cause as to the petition of the plaintiff, George W. Smyth Lumber Company, because of the action of the defendant Tarkington Lodge in violating the terms of the contract for said building in paying to the con-

tractor, J. T. Key, the full amount of the contract price, and in failing to hold back 20 per cent. of the contract price of said building as provided in said contract. The contract provided that said lodge should hold back 20 per cent. of the contract price until the building was completed, and the undisputed evidence shows that in violation of this provision of the contract said lodge paid Key the full contract price before said building was ever completed, and that this was done without the knowledge or consent of these defendant bondsmen; and the action of said lodge in so breaching said contract released these bondsmen of all liability to said lodge, not only to said lodge, but to the said plaintiff, George W. Smyth Lumber Company, and the court erred in failing and refusing to sustain the general demurrer and general exception of these defendant bondsmen to the petition and plea of the plaintiff, George W. Smyth Company, for the reason here set out, as more fully shown in their bill of exception No. 1, which is here referred to.".

The proposition under this assignment is as follows:

"The trial court found that the lodge paid over to the contractor the full contract price of the building, and failed to hold back 20 per cent. of the contract price as provided in the contract, and that by reason of this action of the lodge the sureties of the contractor's bond were not bound to the lodge, but were released and discharged. If the action of the lodge in failing to hold back 20 per cent. of the contract price, as provided in the contract, operated as a matter of law to release the sureties from all obligation to the lodge, the action of the lodge in thus violating the contract also necessarily operated to release the sureties on the bond from all obligation to George W. Smyth Lumber Company and all others; and it therefore follows as a matter of law that the court erred in failing and refusing to sustain the general demurrer and general exception of these defendant bondsmen."

While this assignment and the proposition following should have related and been confined only to the allegations in the petition of the George W. Smyth Lumber Company, and should not have been confused by reciting matters of evidence introduced on the trial and findings made by the court, nevertheless we will treat the assignment and proposition as properly challenging the action of the trial court in overruling the general demurrer of these appellants.

The petition of the plaintiff, George W. Smyth Company, alleged the execution of the contract between Key and said Masonic lodge for the erection of the building into which the lumber and material sold by the plaintiff to Key went; that Key had failed to pay to the plaintiff a balance of $768.75 owed it by him for such lumber and material; that Key had executed a bond in the sum of $2,600 to secure the faithful performance by him of his contract with said lodge for the construction of said building; and that the appellants were Key's sureties on such bond, and Key's contract with said lodge was substantially alleged in plaintiff's petition, and the bond for its faithful performance was set out in hæc verba. We quote from the bond as follows:

"Know all men by these presents that I, J. T. Key, contractor, as principal, and ——, as sureties, are held and firmly bound unto R. L. Williamson, Dr. T. A. Boothe, C. G. Hall, and J. T. Tanner, building committee for the Tarkington Prairie Lodge, A. F. & A. M., of Cleveland, Texas, as well as to all other persons, firms, and corporations who may furnish material for, or perform labor on, the work, building or improvements contemplated in a certain contract hereinafter mentioned, in the sum of twenty-six hundred ($2,600.00) dollars, lawful money of the United States of America, well and truly to be paid to the said committee and to such firms, persons, and corporations who may furnish materials for, or perform labor on, the work, building, or improvements, contemplated in the contract, hereinafter mentioned, their heirs, executors, and administrators, jointly and severally, and for which payment we, the principal and sureties herein, do hereby jointly and severally bind ourselves, our heirs and executors and administrators, firmly by these presents.

"The condition of this obligation is such that, if the said Key shall well and truly keep, perform, and fulfill all and every the covenants, stipulations, and agreements to be kept, performed, and fulfilled by him (or them), as set forth and contained in a certain contract entered into by and between the said Key, contractor, and said building committee above mentioned, dated the —— day of ——, A. D. 1916, for the construction of the work, building, or improvements mentioned in said contract, and shall repay to the said committee all sums of money which he (it, or they) may pay to other persons on account of work or labor done or materials furnished, which said Key, contractor, may fail to do or furnish in accordance with said contract, and shall pay to the said committee any and all damages which he (it, or they) may sustain as provided in said contract, and all forfeitures to which he (it or they) may be entitled under the terms of said contract by reason of malperformance on the part of the said Key, contractor, of any of the covenants, conditions, and stipulations and agreements of said contract, in his (its, or their) part to be kept and performed, and if the said Key, contractor, shall promptly make payment to all persons, firms, and corporations supplying him (it, or them) with labor and materials in the performance of the work provided for in such contract, then this obligation shall be void; otherwise, to remain in full force and effect.

"This bond is made for the use and benefit of all persons, firms, and corporations who may furnish any material or perform labor for the erection of said work, building, or improvements, and they and each of them are hereby made obligees hereunto, the same as though their own proper names were written herein as such, and they and each of them may sue thereon."

This bond was signed by Key, as principal, and by all of the appellants, as sureties.

At the time the contract and bond here under consideration were executed, Acts 34th Leg. c. 143 (Vernon's Ann. Civ. St. Supp. 1918, art. 5623a), adding article 5623a to the Revised Statutes of 1911, relating to bonds executed by building contractors, was in effect. The added article reads as follows:

"No change or alteration in the plans, building, construction or method of payment shall in any way avoid or affect the liability on said bond, and the sureties on said bond shall be limited to such defense only as the principal on said bond could make."

The specific contention of appellants is that when said Masonic lodge, acting by its building committee, paid to the contractor, Key, the full contract price for said building before it was completed and accepted, and failed to retain and hold back 20 per cent. of the contract price, as provided in said contract, such action and failure on the part of the lodge was a breach of the contract, and that such breach operated to release them as sureties on Key's bond, because such action and failure on the part of said lodge was a deviation from the contract in the method and manner of payment, as provided in the contract, and constituted a breach thereof, and that such action and failure on the part of the lodge deprived the George W. Smyth Lumber Company of any right to a recovery in any sum as against these appellants. They do not question that this contract and bond were executed after the taking effect of article 5623a above quoted, but their contention as to that article is that the same is unconstitutional and void as to them, for the reasons: (1) Because said statute is in contravention of the right of private contract; and (2) because said statute is a law impairing the obligation of contracts; and (3) because the same is against public policy.

In American Indemnity Co. v. Burrows Hardware Co., 191 S. W. 574, the Court of Civil Appeals at San Antonio, discussing article 5623a, held:

"The Legislature may make provision in regard to the validity, effect, and consequences of contracts within constitutional limits, and may provide that certain liabilities shall follow from making or entering into certain relations and kinds of contracts, and when one voluntarily does so, and thus incurs the liability, it may be said to be contractual in its nature [citing Elliott on Contracts, § 3]. In other words, when parties enter into certain contracts, whose extent and ultimate results have been declared by statute, they will be held to have entered into the contracts with the statute in view and it would become a part thereof. The parties to a contractor's bond are put upon notice how any bond made by them will be construed, and they are not deprived of any right whatever by such provision of the law. The statute does not seek to make a new contract for the owner and contractor, but it merely notifies them that, if they have a bond for faithful performance of the contract, it shall protect certain classes as well as the owner. The parties make the contract with that provision of the law in view, and it does not take from them due process of law or impair the obligation of their contract. The law interferes with no existing right, and contracts are made with a full knowledge that the effect of them has been declared by statute."

We think the decision just quoted from substantially answers the contention of appellants here adversely to them, and that such decision is clearly correct, and is supported by many authorities announcing, in effect, the conclusion there reached.

As between said sureties and the George W. Smyth Lumber Company, we hold that the trial court was not in error in overruling the general demurrer interposed by these appellants, and was correct in awarding judgment upon the undisputed facts in favor of George W. Smyth Lumber Company, and against these appellants, for the full amount, with interest, due by the contractor, Key, to said lumber company, for lumber and material furnished by said company, and which went into the construction of said building. Therefore the first assignment of error of these sureties is overruled, and the effect of this is also to overrule their other assignments of error challenging the action of the court in rendering judgment in favor of said lumber company, and all such assignments are overruled.

[2] We shall now dispose of the appeal of Tarkington Prairie Lodge, A. F. & A. M. No. 498, complaining of the action of the trial court in refusing to render judgment in its favor against said sureties, King et al., on the bond of the contractor, Key. The first assignment is as follows:

"The trial court erred in failing and refusing to render judgment in favor of Tarkington Lodge, A. F. & A. M., No. 498, and its building committee, on the cross-action against W. W. King, Dr. T. B. Morgan, W. V. Whitfield, J. W. Lewis, C. A. Howard, J. S. Meador, W. T. Jones, W. C. Arthur, A. J. Hartel, and L. Wilkinson, because under the uncontroverted evidence J. T. Key, their principal, defaulted in carrying out the contract, and failed to do those things which said sureties had guaranteed by their bond, and the court, finding the liability of the principal upon said bond, erred in failing and refusing to also render judgment against the sureties."

There are several ... tions of law under this assignm... st is:

"It being fo... that the bondsmen and su... d, conditioned upon the f... he contract; it also b... t was not perform... building commi... erform said c... and it also ... ilding

committee were compelled to expend the sum of $1,710.60 in labor and material and to suffer a delay of 90 days—it followed as a matter of law that the said lodge and its building committee should have been awarded a recovery against said bondsmen in like manner if said recovery was awarded the plaintiff."

The second proposition is:

"The bond entered into by the contractor and his sureties was executed on the 12th day of August, 1916, at which time article 5623a of the Supplement to Vernon's Sayles' Civil Statutes was in full force and effect; and in contemplation of law the provisions of said statute prescribing the effect of the bond being executed were in the contemplation of the parties, and are deemed in law to be a part of the said bond as effectively as though written therein."

Third proposition:

"It being provided by the statute that no alteration in the manner of payment, or any other defense on the part of the sureties other than such as were available to the principal, should defeat the sureties' obligation, and the sureties having made their contract when said statute was in effect, this case presents no issue of invalidity in said statute, and said statute does not purport to effect prior contracts, and the said statute having become a part of the subsequent contract, the option was given to the sureties to either assume or refuse to assume the legal burdens of the obligation, and, having assumed the same, are bound thereby."

We think that this assignment of error is well taken, and that each proposition following it announces a correct proposition of law, as applied to this case. It was held in this state, prior to the enactment by the Thirty-Fourth Legislature of article 5623a above mentioned, that a change in the specifications of a building, or the method of payment to the contractor, operated to make a new contract, and thus released the sureties on the contractor's bond. We think that it was the purpose of the Legislature, clearly expressed by article 5623a, to take away such defenses on the part of sureties on a building contractor's bond. The language, "No change or alteration in the plans, building, construction, or method of payment shall in any way avoid or affect the liability on said bond and the sureties on said bond shall be limited to such defenses only as the principal on said bond could make," seems to be as clear and positive as it would be possible to use, and certainly it could not be even plausibly conten____ ____ the contractor Key had any defens____ ss-action asserted against him ____ this case, and judgment wa____ against him on such cr____ he language of the st____ ____ailable to him, th____ sureties on hi____

Th____ ties on
Key____ or in

the evidence, that there was any collusion or fraud between the lodge and the contractor, Key, nor is there any contention touching the correctness of any conclusion of fact made by the trial court as to the necessary and reasonable expenditures made by the lodge in completing the building, after Key's abandonment of the contract, nor as to the court's finding as to the amount of damages occasioned by reason of the failure to complete the building within the contract period. Therefore we see no escape from the conclusion that the trial court was in error in failing to render judgment in favor of Tarkington Prairie Lodge, A. F. & A. M., No. 498, and against said sureties, W. W. King, W. C. Arthur, J. W. Lewis, C. A. Howard, T. B. Morgan, M. V. Whitfield, J. S. Meador, W. T. Jones, A. J. Hartel, and L. Wilkinson, for the full sum for which judgment was rendered in its favor against the defendant Key, to wit, $2,878.73.

From what we have said, it follows that the judgment of the trial court should be affirmed as between the George W. Smyth Lumber Company and said sureties on said bond, and also affirmed in favor of Tarkington Prairie Lodge, A. F. & A. M., No. 498, as against defendant Key, but should be reversed so far as said lodge was denied a recovery on its cross-action as against said sureties, and judgment should be here rendered in favor of said Tarkington Prairie Lodge, A. F. & A. M., No. 498, on its cross-action as against said sureties, W. W. King, W. C. Arthur, J. W. Lewis, C. A. Howard, T. B. Morgan, M. V. Whitfield, J. S. Meador, W. T. Jones, A. J. Hartel, and L. Wilkinson, in the sum of $2,878.73, with interest thereon from the 1st day of March, 1917, and until the same shall be paid; and it will be accordingly so ordered.

Affirmed in part, and reversed and rendered in part.

On Motion for Rehearing.

The motion for rehearing filed by W. W. King et al., sureties on the bond of the building contractor, Key, as mentioned in the original opinion, points out error in the original opinion of this court in allowing recovery against them in favor of George W. Smyth Lumber Company and Tarkington Prairie Lodge, A. F. & A. M., No. 498, in excess of $2,600, which was the extent of their liability as fixed by said bond. Therefore said motion to that extent is granted, and it is now ordered that as against said sureties, W. W. King et al., the George W. Smyth Lumber Company shall have judgment for the sum of $581.98, with interest thereon from the date of the judgment below at the rate of 6 per cent. per annum until paid. It is further ordered that the said Tarkington Lodge, A. F. & A. M., No. 498, shall have

judgment as against said sureties in the sum of $2,018.02, with interest thereon from the date of the judgment below at the rate of 6 per cent. per annum until paid, thus prorating the amount of recovery had against said sureties and limiting their liability according to their obligation as fixed by said bond. In all other respects the original opinion will be adhered to, and the motion for rehearing will be overruled: and it is so ordered.